UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD L. PORTER, | CIV-F 07-0825 AWI SMS |
| Plaintiff, | ORDER RE: MOTION TO DISMISS AND/OR FOR SUMMARY JUDGMENT |
| v. | |
| DONALD C. WINTER, SECRETARY DEPARTMENT OF THE NAVY, | |
| Defendant, | |

# I. History[1]

These proceedings have a very complex history. This case does not exist in isolation, but is instead one of a constellation of suits before the district court and the U.S. Equal Employment Opportunity Commission, Office of Federal Operations.

Plaintiff Ronald Porter was an employee of Defendant Department of the Navy at the China Lake Naval Air Warfare Center for many years. Plaintiff was employed as a Police Officer in the Safety and Security Department for much of the 1980s. Based on a medical disability, the Navy informed Plaintiff on March 31, 1988 that he was no longer suited to his position. Plaintiff was able to shift to another position as a Plant Account Tech with the

---

[1]The factual history is provided for background only and does not form the basis of the court's decision; the assertions contained therein are not necessarily taken as adjudged to be true. The legally relevant facts relied upon by the court are discussed within the analysis.

Information Management Department at the DG-2 level in 1989.

His supervisor at the time was Debra Osgood-Schlick. Plaintiff alleged that Ms. Osgood-Schlick discriminated against him on the basis of his sex by giving him a bad performance evaluation. The review contributed to the denial of a promotion to DG-3. On May 1, 1990, Plaintiff met with an EEO counselor regarding his contention that Ms. Osgood-Schlick discriminated against him on the basis of sex. Plaintiff made four allegations: (1) Plaintiff was denied a level promotion to DG-3; (2) he received no bonus; (3) some of his duties were transferred to another employee; and (4) a truck he used was taken away. The matter was not resolved and the EEO counselor issued a formal notice May 24, 1990 informing Plaintiff that he had 15 days to file a formal administrative complaint. Plaintiff made a filing on June 8, 1990. However, that filing was not recognized and Plaintiff made another filing on July 17, 1990 (Agency Case No. 1990-002). On July 26, 1990, the Navy rejected the complaint for failing to seek EEO counseling in a timely manner, informing Plaintiff he had 30 days in which to appeal to the EEOC. Plaintiff filed an appeal, but the Navy reversed its prior decision and accepted Plaintiff's complaint for investigation on September 19, 1990. The Navy clarified that only allegation one constituted a claim for investigation; allegations two, three, and four constitute evidentiary support for allegation one. On November 26, 1990, the EEOC issued its decision regarding Plaintiff's appeal, supporting the Navy's September 19, 1990 decision to accept the first allegation for investigation. On August 12, 1991, Plaintiff wrote the EEOC to state that the Navy had not yet investigated his complaint though investigations must normally be completed within 180 days.

The Navy completed its investigation on June 2, 1992 concluding that Plaintiff was discriminated on the basis of sex. On June 24, 1992, Plaintiff requested a meeting with Admiral W.E. Newman, Commander of the Naval Air Warfare Center Weapons Division, to discuss his case. On July 2, 1992, the Navy offered to promote Plaintiff to DG-3 retroactive to August 13, 1989 with backpay and to provide Plaintiff with a workplace free of discrimination and retaliation. The Navy rejected Plaintiff's request to meet with Admiral Newman on July 6, 1992. Plaintiff rejected this offer on August 21, 1992, stating that the offer included insufficient

backpay in the form of salary increments, bonuses, and interest on backpay and objecting to a clause in the offer that required Plaintiff to waive certain EEO rights.  The Navy then implemented its offer (promotion and backpay) notwithstanding Plaintiff's refusal.  On October 1, 1992, the Navy concluded that its offer constituted full relief in the matter.  The Navy cancelled Agency Case No. 1990-002 for Plaintiff's failure to accept a certified offer of full relief.  Plaintiff appealed this decision to the EEOC on October 2, 1992.  On April 19, 1993, the EEOC found the waiver to be appropriate and interest on backpay unwarranted, but reversed and remanded to the Navy to determine the amount of bonus Plaintiff should have received. Porter v. Kelso, EEOC DOC 01930051, 1993 WL 1505233 (E.E.O.C. April 19, 1993).  Both parties sought reconsideration.  On August 4, 1994, the EEOC found that the waiver of EEO rights was invalid and that Plaintiff was entitled to interest on backpay. Porter v. Dalton, EEOC DOC 05930767, 1994 WL 1841286 (E.E.O.C. Aug. 4, 1994).  The case was again remanded to the Navy.  On September 27, 1995, the Navy appears to have dismissed the claim as moot.  On appeal, the EEOC reversed the Navy and remanded. Ronald Porter, Appellant, v. John H. Dalton, Secretary, Department of the Navy, Agency., 1996 WL 688437 (E.E.O.C. November 13, 1996).  On March 13, 1997, the Navy again appears to have dismissed the case.  The EEOC had to, again, direct the Navy to proceed in compliance with previous EEOC orders. Ronald Porter, Appellant, v. John H. Dalton, Secretary, Department of the Navy, Agency., 1999 WL 448091 (E.E.O.C. June 22, 1999).  The EEOC directed the Navy to pay Plaintiff the average increment and bonus his co-workers received for the performance years 1990, 1991, and 1992.  Plaintiff does not appear to have appealed this decision to the district court.

While Agency Case No. 1990-002 was being litigated, Plaintiff filed other complaints, alleging retaliation against him for filing Agency Case No. 1990-002.  On October 2, 1990, Plaintiff contacted an EEO counselor.  He alleged (1) Ms. Osgood-Schlick argued with him in front of co-workers and (2) the Navy did not properly and timely investigate Agency Case No. 1990-002.  Plaintiff filed his formal complaint on January 17, 1991 ("Agency Case No. 1991-003").  On February 11, 1991, the Navy issued a decision denying Plaintiff's Agency Case No. 1991-003 claim.  The parties then discussed various ways of dealing with the claim which did not

succeed in resolving the complaint. On October 19, 1993, the Navy issued a final decision finding no discrimination/retaliation; Plaintiff appealed to the EEOC. On July 12, 1996, the EEOC found Agency Case No. 1991-003 to be moot. Porter v. Dalton, 1996 WL 410690 (E.E.O.C. July 12, 1996).

The finding of mootness was based on Plaintiff's changed employment circumstances. Plaintiff voluntarily left his position to help with temporary workload in another department on January 17, 1993. On June 13, 1993, Plaintiff formally changed positions and became a Computer Assistant. He no longer worked under the supervision of Ms. Osgood-Schlick. On July 31, 1996, Plaintiff changed positions again and became a Computer Assistant in the Engineering Weapons/Targets Department.

Plaintiff filed suit on August 9, 1996 seeking review of Agency Case No. 1991-003; the original case Civ. Case No. 96-5933, before Judge Coyle. By stipulation, the case was dismissed without prejudice pending the administrative outcome of another of Plaintiff's discrimination/retaliation claims. That claim was initiated on September 9, 1992 ("Agency Case. No. 1993-015"). Plaintiff alleged (1) he received an unfair performance evaluation for August 1990-July 1991; (2) Ms. Osgood-Schlick failed to follow regulations in issuing such an evaluation; (3) a fourth level supervisor failed to follow regulations in reconsidering the performance evaluation; (4) he received an unfair performance evaluation for August 1989-July 1990; and (5) he was not able to apply for promotion due to the improper performance reviews. On March 6, 1992, the Navy's reconsideration process raised his August 1990-July 1991 performance evaluation. On February 24, 1994, the Navy issued a final decision, finding claims three through five time-barred; Plaintiff appealed to the EEOC. Ultimately, the EEOC affirmed the Navy's decision regarding these three claims. Porter v. Dalton, 1994 EEOPUB LEXIS 379 (E.E.O.C. June 28, 1994); Porter v. Dalton, 1994 EEOPUB LEXIS 2016 (E.E.O.C. May 25, 1995). Plaintiff's first two discrimination/retaliation claims moved forward and hearings were held before an EEOC Administrative Law Judge on December 10, 1997 and August 13, 1998. The Administrative Law Judge issued his decision on April 21, 2001, finding Ms. Osgood-Schlick retaliated against Plaintiff in giving him a poor August 1990-July 1991 performance

evaluation but finding no sex discrimination. However, the opinion also found that Plaintiff had already received all equitable monetary relief due; the Navy had already raised his performance evaluation which resulted in an additional salary increment. The Administrative Law Judge ordered the Navy to take corrective action in training its employees at fault and establishing better procedures. The Navy refused to implement those requirements. On April 24, 2003, the EEOC reversed the Navy's decision and ordered attorney's fees and costs in favor of Plaintiff. Porter v. Johnson, 2003 EEOPUB LEXIS 2354 (E.E.O.C. April 24, 2003). Plaintiff unsuccessfully sought reconsideration as to the amount. Porter v. Winter, 2006 EEOPUB LEXIS 1519 (E.E.O.C. April 12, 2006).

Plaintiff filed Civ. Case No. 03-6291, reviving Civ. Case No. 96-5933 based on Agency Case No. 1991-003. Plaintiff also filed suit to challenge the amount of attorney's fees and costs in Agency Case No. 1993-015; that case is Civ. Case No. 06-0880, before Judge O'Neill. In the second amended complaint in Civ. Case No. 06-0880, Plaintiff stated "Porter does not wish to re-litigate the liability of his EEO Complaint. It is being included in this 2nd Amended Complaint to ensure the court has jurisdiction. Porter intends to pursue the liability issue if the court determines that putting the Navy's liability at issue is the only way he can achieve compliance with the statutes and congressional intent governing his attorney fees/cost." Civ. Case No. 06-0880, Doc. 17, at 7:27-8:3. Judge O'Neill dismissed the case for lack of jurisdiction and Plaintiff sought to litigate the substance of the claim (Agency Case No. 1993-015) in reconsideration. Judge O'Neill denied the motion for reconsideration and the matter is up on appeal with the Ninth Circuit.

As a separate complaint, Plaintiff alleged that he faced discrimination/retaliation when (1) he received an unfair performance evaluation for August 1991-July 1992 and (2) Ms. Osgood-Schlick showed hostility toward him by moving his desk into a corner while he was working temporarily with another department and changing the locks on the building during that time ("Agency Case No. 1993-021"). The EEOC eventually found that his complaint as to unfair performance evaluation was time-barred and all other claims were moot as Plaintiff had changed jobs within the Navy. Porter v. Dalton, 1993 WL 1508681 (E.E.O.C. Nov. 30, 1993); Porter v.

Dalton, 1994 EEOPUB LEXIS 4165 (E.E.O.C. June 30, 1994) (denying reconsideration). Plaintiff does not appear to have appealed this decision to the district court.

Plaintiff also filed a complaint alleging retaliation for Plaintiff's use of official time to attend a management-union meeting regarding EEOC complaints in February 1995. ("Agency Case No. 1995-016"). That complaint was ultimately pursued to the district court, Civ. Case No. 01-6302. In a bench trial, Judge Snyder found no discrimination or retaliation.

Meanwhile, the Navy instituted a Reduction in Force ("RIF") and removed him from Navy employment on November 19, 1999. Plaintiff filed two complaints ("Agency Case Nos. 2000-003 and 2001-011") which alleged age discrimination and retaliation based on a number of actions over 1996-1999. The Navy issued a final decision finding no discrimination/retaliation. A hearing was held before an Administrative Law Judge, who found no discrimination. On appeal, the EEOC upheld the finding of no discrimination. Porter v. Winter, 2006 EEOPUB LEXIS 6662 (E.E.O.C. Dec. 4, 2006). Plaintiff sought reconsideration which was denied. Porter v. Winter, 2007 WL 788254 (E.E.O.C. March 9, 2007). Plaintiff then filed suit in federal court; this is the present case, Civ. Case No. 07-0825. Plaintiff also filed Civ. Case No 00-5906, in which he challenged his dismissal under the Administrative Procedure Act. That suit was dismissed for lack of subject matter jurisdiction.

In Civ. Case No. 03-6291, the court granted a motion to dismiss, finding that the case appeared to be duplicative of other district court cases. Plaintiff was ordered to file an amended complaint to clarify the subject matter of this case in distinction to his other cases. Doc. 49, Nov. 1, 2007 Order. Plaintiff filed the First Amended Complaint in response. The Navy has filed a motion to dismiss and/or for summary judgment. The Navy argues, among other things, that this case is duplicative of Civ. Case No. 03-6291, defeating subject matter jurisdiction. Plaintiff opposes the motion.

## II. Discussion

In Civ. Case No. 03-6291, the court gave particular instructions: "Plaintiff is directed to file an amended complaint that states with specificity the legal basis of this case, the incidents of

which he complains, and the relief sought. Without a detailed complaint, the court can not determine if the claims contained in this case are properly before the court or if they have already been adjudicated or are duplicative of another suit." Civ. Case No. 03-6291, Doc. 49, November 1, 2007 Order, at 6:15-19.  However, Plaintiff has not followed the court's directive and continued to blur the distinction between his separate cases.  In Civ. Case. No. 03-6291, Plaintiff alleges a hostile work environment and argues, "If a hostile environment is a single claim...then the hostile environment continued through and after Porter was removed from Navy's employment on 19 November 1999 under the 1999 Reduction-In-Force." Civ. Case. No. 03-6291, Doc. 57, Plaintiff's Opposition, at 16:17-19.  This clearly overlaps the present case, in which Plaintiff says "Porter's claim is to be considered a continuing hostile environment based on his prior protected activities....The 1996 reduction in force is a bright line for how the Navy set into motion matters that would finally cause severe harm from 1995 to the present." Doc. 1, Complaint, at 4:6-17.

Indeed, Plaintiff's demand for judgment is almost identical for the two suits:

**DEMAND FOR JUDGMENT**
11. Because of the NAVY's acts and omissions indicated above, PORTER seeks both equitable and injunctive relief, and legal damages.
12. PORTER seeks the following findings by this Court:
    a. That the NAVY discriminated against PORTER because of his age;
    b. That the NAVY reprised against PORTER because of his prior protected activities under Title VII of the Civil Rights Act of 1964, as amended;
    c. That the NAVY, through its application of –
        i. the performance evaluation reviewing and rating system and other procedures as used by the Demonstration Project under which the NAVY employed PORTER at China Lake, California;
        ii. the Reduction-In-Force ["RIF"] process used to separate PORTER from NAVY employment;
        iii. the DOD's Priority Placement Program ["PPP"] rules, including those related to the Re-employment Priority List ["RPL"], the Repromotion Priority List ["RP"],Merit Promotion Instructions and internal guidance;
        iv. RIF, PPP, RPL, RP and NAVY policies for training and opportunity at other positions available to PORTER;
        v. the appearance of and actual conflicts of interest and conflicts of position in handling the issues PORTER raised herein; and/or,
        vi. other acts and omissions as such other findings may be made by the Court as appropriate regarding the discriminatory and/or retaliatory work environment, promotion[s], denial of increment[s] and bonus[es], failure to take prompt remedial action for any discriminatory and/or reprisal harassment;
    engaged in: (A) Discrimination against PORTER based on his age; (B) Reprisal

against PORTER because of his prior protected activities so as to deny him employment opportunities and employment; and (C) Harassment against PORTER so severe or pervasive as to create a hostile working environment.
13. PORTER seeks equitable relief of employment reinstatement at the appropriate grade/level, with full back pay, including all monetary and other benefits of federal employment he is entitled to, with interest thereon, according to proof.
14. PORTER seeks injunctive relief with respect to the performance evaluation reviewing and rating system and its procedures at issue herein, to correct, eliminate and/or remedy its inherent age discrimination.
15. PORTER seeks injunctive relief with respect to the issues of the appearance of and actual conflicts of interest and conflicts of position at issue herein, as appropriate to correct, eliminate and/or remedy its discrimination/reprisal.
16. PORTER seeks injunctive relief with respect to the Reduction-In-Force ["RIF"] issues herein, including but not limited to the NAVY's obligations and DOD's Priority Placement Program ["PPP"], the Re-employment Priority List ["RPL"], and the Repromotion Priority List ["RP"], as appropriate to correct, eliminate and/or remedy the discrimination/reprisal.
17. PORTERseeks compensatory damages for the reprisal as provided by 42 U.S.C. § 1981a, according to proof.
18. PORTER seeks reasonable attorney's fees and costs, according to proof.
19. PORTER seeks such other relief as to the Court is fair and just.

Doc. 1, Complaint, at 6:11-8:1. Plaintiff's operative complaintin Civ. Case No. 03-6291 is almost an exact copy:

**DEMAND FOR JUDGMENT**
11. Because of the NAVY's acts and omissions indicated above, PORTER seeks both equitable and injunctive relief, and legal damages.
12. PORTER seeks the following findings by this Court:
    a. That the NAVY discriminated against PORTER because of his age and sex;
    b. That the NAVY reprised against PORTER because of his prior protected activities under Title VII of the Civil Rights Act of 1964, as amended and/or the Age Discrimination in Employment Act;
    c. That the NAVY, through its application of –
        i. the performance evaluation reviewing and rating system and other procedures as used by the Demonstration Project under which the NAVY employed PORTER at China Lake, California;
        ii. the Reduction-In-Force ["RIF"] process used to separate PORTER from NAVY employment;
        iii. the DOD's Priority Placement Program ["PPP"] rules, including those related to the Re-employment Priority List ["RPL"], the Repromotion Priority List ["RP"],Merit Promotion Instructions and internal guidance;
        iv. RIF, PPP, RPL, RP and NAVY policies for training and opportunity at other positions available to PORTER;
        v. the appearance of and actual conflicts of interest and conflicts of position in handling the issues PORTER raised herein; and/or,
        vi. other acts and omissions as such other findings may be made by the Court as appropriate regarding the discriminatory and/or retaliatory work environment, promotion[s], denial of increment[s] and bonus[es], failure to take prompt remedial action for any discriminatory and/or reprisal harassment;
    engaged in: (A) Discrimination against PORTER based on his age and/or sex; (B) Reprisal against PORTER because of his prior protected activities so as to deny

him employment opportunities and employment; and (C) Harassment against
                PORTER so severe or pervasive as to create a hostile working environment.
        13. PORTER seeks equitable relief of employment reinstatement at the appropriate
                grade/level, with full back pay, including all monetary and other benefits of
                federal employment he is entitled to, with interest thereon, according to proof.
        14. PORTER seeks injunctive relief with respect to the performance evaluation reviewing
                and rating system and its procedures at issue herein, to correct, eliminate and/or
                remedy its inherent age and/or discrimination and/or retaliation.
        15. PORTER seeks injunctive relief with respect to the issues of the appearance of and
                actual conflicts of interest and conflicts of position at issue herein, as appropriate
                to correct, eliminate and/or remedy its discrimination/reprisal/hostile work
                environment.
        16. PORTER seeks injunctive relief with respect to the Reduction-In-Force ["RIF"]
                issues herein, including but not limited to the NAVY's obligations and DOD's
                Priority Placement Program ["PPP"], the Re-employment Priority List ["RPL"] ,
                and the Repromotion Priority List ["RP"], as appropriate to correct, eliminate
                and/or remedy the discrimination/reprisal.
        17. PORTERseeks compensatory damages for the reprisal as provided by 42 U.S.C. §
                1981a, according to proof.
        18. PORTER seeks reasonable attorney's fees and costs, according to proof.
        19. PORTER seeks such other relief as to the Court is fair and just.

Civ. Case No. 03-6291, Doc. 51, First Amended Complaint, at 38:17-40:10.

Plaintiff appears to be improperlyraising identical claims in at least two separate cases. Such a tactic can not be tolerated. Plaintiff must make his pleadings clear and distinguish his cases, both active and inactive. If Plaintiff can not make his pleadings clear, the court will have to take an active hand in interpreting his complaint. While the complaint must be construed in the light most favorable to Plaintiff, the court would be forced to read his claim narrowly to avoid jurisdictional problems. Plaintiff is granted one last chance to clarify his claim.

### III. Order

Plaintiff's complaint is dismissed without prejudice. Plaintiff is directed to file an amended complaint within twenty (20) days of the filing of this order.

IT IS SO ORDERED.

**Dated:**   **March 31, 2009**                      /s/ Anthony W. Ishii
                                                          CHIEF UNITED STATES DISTRICT JUDGE