IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD L. PORTER, ) | 1:07-cv-00825-AWI-SMS |
| ) | |
| Plaintiff, ) | **SCHEDULING CONFERENCE ORDER** |
| ) | |
| vs. ) | Supplemental Discovery Deadline: 1/31/12 |
| ) | |
| RAY MABUS, Secretary of the ) Navy, ) | Non-Dispositive Motion Filing Deadline: 5/11/12 |
| ) | |
| Defendant. ) | Dispositive Motion Filing Deadline: 8/3/12 |
| ) | |
| | Pre-Trial Conference Date: 9/28/12, 8:30am, Ctrm. 2/**AWI** |
| | Trial Date: 11/6/12, 8:30am, Ctrm. 2/**AWI** (8-10 days) |

1.  Date of Scheduling Conference:

    October 21, 2011.

2.  Appearances of Counsel:

    Elaine W. Wallace, Esq., appeared telephonically on behalf of plaintiff.

    Assistant United States Attorney J. Earlene Gordon appeared telephonically on behalf of defendant.

//

1

3. The Pleadings:

  A. Summary of the Pleadings.

    The present action arises out of an employment dispute between plaintiff and defendant while working at defendant's facility in China Lake, CA. Plaintiff alleges reprisal, age discrimination, and hostile environment claims rooted in both Title VII and the Age Discrimination in Employment Act ("ADEA"), on June 7, 2007 (Doc. 1). Plaintiff claims defendant discriminated against him on the basis of his age and/or retaliated against him for prior EEO activity, and that he was subjected to a hostile work environment.

    Specifically, plaintiff alleges the following discriminatory and/or retaliatory acts (Nos. 1-8 are alleged to be related to plaintiff's administrative claim, DON 00-60530-003. Nos. 9-13 are said to be related to plaintiff's administrative claim, DON 01-60530-011):

    1. Separating plaintiff from employment on or about November 19, 1999, pursuant to a Reduction in Force ("RIF") without registering plaintiff to obtain all benefits under the RPL, PL, and/or PPP prior to the effective date of the 1999 RIF.

    2. Giving plaintiff only a level 3 [fully successful] performance evaluation for the period ending on July 31, 1999, and failure to follow rules regarding bonuses.

    3. Denying plaintiff's request for reconsideration of his separation through RIF on or about April 26, 2000.

///
//
/

2

4.   Being repeatedly denied higher performance ratings or the opportunity to receive such ratings, as well as being denied the opportunity to obtain numerous other positions at China Lake, from 1996 through 1999.

5.   Unfairly administering its 1999 RIF with respect to plaintiff's retention rights.

6.   Creating a continual hostile environment based on his prior protected activities by, among other things, harassing him by way of denying higher performance ratings and not selecting him to certain employment positions prior to and after the 1999 RIF.

7.   Unfairly designating plaintiff's position for abolishment for the 1999 RIF.

8.   Unfairly implementing the Demonstration Project's procedures to discriminate and/or retaliate against plaintiff.

9.   Not properly registering him in the Priority Placement Program ("PPP") and/or Re-employment List ("RPL") maintained by its Human Resources Services Center on or about October 24, 2000, as well as failing to comply with its PPP, the Repromotion Priority List ("RP"), nor its Merit Promotion Policy, or other employee protections, after the 1996 RIF which impacted his standing in the 1999 RIF, and not properly registering him in the PPP and/or RPL maintained by its Human Resources Services Center, as well as failing to comply with its PPP, the Repromotion Priority List ("RP"), nor its Merit Promotion Policy, or other employee protections through and including the 1999 RIF.
//

3

    10. Not following its RP, PPP, and/or RPL by placing plaintiff into a non-existent position, and failed to follow Navy policy regarding filling vacant jobs by failing to offer him a position at China Lake subsequent to the 1999 RIF, as well as failing to inform him of open positions, inform him of positions being filled, or assist him in qualifying for such positions through RP, PPP, or RPL.

    11. Failing to follow appropriate laws, rules, policies, and guidances regarding the RPL, RP, and PPP when conducting its RIF by, among other things, failing to provide plaintiff the opportunity to obtain outstanding performance reviews, assigning Navy employees to perform the RIF Review that had previously handled prior administrative complaints raised by plaintiff, and failing to properly follow its own performance review procedures.

    12. Filling any position after the 1999 RIF for which plaintiff was qualified, using Naval EEO employees to make such decisions who had previously worked on previous administrative complaints filed by plaintiff, and not clearly addressing plaintiff not being offered this position in a subsequent administrative report of investigation.

    13. Engaging in actions which deny plaintiff employment at China Lake up to the present.

### Plaintiff's Contentions

    Plaintiff's complaint and the court decisions best define the issues.  Defendant's defenses are part of the subject of outstanding discovery disputes.

//

4

Defendant's Contentions

Defendant denies each of plaintiff's above claims, and asserts that his claims cannot be considered because the Court lacks subject matter jurisdiction, are time-barred, or are duplicative of claims asserted in other actions.

B.  Orders Re: Amendment of Pleadings.

No amendments are proposed at this time.

4.  Factual Summary:

A.  Admitted Facts which are deemed proven without further proceedings.

(1) Plaintiff worked at defendant's China Lake facility as a civilian employee until November of 1999.

(2) Plaintiff was separated from employment as a result of the 1999 RIF, effective November 19, 1999.

(3) Plaintiff was initially given a level three (fully successful) performance evaluation for the period ending July 31, 1999.

(4) Defendant denied plaintiff's request for reconsideration of his separation from employment through the RIF.

B.  Plaintiff's Position.

Plaintiff's RIF reconsideration was performed/conducted by an agency representative (Gregory Morrow) who worked for Human Resources (the organizational party that setup and conducted the RIF mechanics and had oversight of its operation) and who also had previously been the EEO Manager overseeing and participating in plaintiff's EEO complaints.  This same office was intimately involved in the performance evaluation, PPP, PRL, and RP programs that affected plaintiff's employment and/or non employment status.

5

C. Contested Facts.
(1) All other facts.
5. Legal Issues:
A. Uncontested.
(1) Ray Mabus is automatically substituted in for Donald C. Winters under FRCP 25(d) as the successor Secretary of Navy, the proper defendant pursuant to 42 U.S.C. §2000e-16(c).
(2) Venue.
B. Contested.
(1) All legal issues identified in plaintiff's complaint.
(2) The extent this Court has jurisdiction over the subject matter of plaintiff's claims.
(3) The extent defendant is liable pursuant to plaintiff's age discrimination claims.
(4) The extent defendant is liable pursuant to plaintiff's retaliation claims.
(5) The extent defendant is liable pursuant to plaintiff's hostile work environment claims.
(6) The extent defendant is liable with respect to any of plaintiff's claims.
(7) The extent plaintiff has suffered damages as alleged in his complaint.
6. Consent to Magistrate Judge Jurisdiction:
This case will not be assigned for all purposes, including trial, to the Honorable Sandra M. Snyder, United States Magistrate Judge, as the parties do not so consent.
//

7. Pre-Trial Motion Schedule:

All Non-Dispositive Pre-Trial Motions, including any discovery motions, shall be filed on or before May 11, 2012, and are customarily be heard on Wednesdays at 10:00 a.m. in Courtroom No. 1 on the Eighth Floor before the Honorable Sandra M. Snyder, United States Magistrate Judge. **NOTE**: It is the policy of Judge Snyder's chambers that a hearing date first be cleared with chambers staff at (559) 499-5692 prior to the filing of any non-dispositive motions and supporting documents. Judge Snyder's chambers also requires prompt courtesy copies in excess of 25/50 pages in compliance with **Local Rule 133(f)**. **Counsel must also comply with Local Rule 251 with respect to discovery disputes or the motion will be denied without prejudice and dropped from calendar.**[1]

In scheduling such motions, the Magistrate Judge may grant applications for an order shortening time pursuant to Local Rule 144. However, if counsel does not obtain an order shortening time, the notice of motion *must* comply with Local Rule 251.

Counsel may appear, and argue non-dispositive motions, telephonically, provided a (written) request to so appear is presented to Magistrate Judge Snyder's chambers staff (559-499-5692) no later than five (5) court days prior to the noticed

---

[1] Local Rule 251(a) ~ **revised 12/1/09** ~ requires a joint statement re discovery disagreement be filed seven (7) days before the scheduled hearing date (i.e., the Wednesday before the customary Wednesday hearing). Any motion(s) will be dropped from calendar IF the statement is not filed OR timely filed AND courtesy copies of any and all motions, including the 251 stipulation, declarations, and exhibits, properly tabbed, fastened, and clearly identified as a "Courtesy Copy (to avoid inadvertent, duplicative, and/or erroneous filing by court staff), exceeding twenty-five (25) pages pursuant to Local Rule 133(f), are not delivered to the Clerk's Office at 9:00 a.m. on the fourth (4th) FULL day (or Thursday) prior to the (customary) hearing (on Wednesday).

7

hearing date.  **ALL Out-of-town counsel are strongly encouraged to appear telephonically via a single conference call to chambers**.  If two or more attorneys request to appear telephonically, then it shall be the obligation and responsibility of the moving party(ies) to make prior arrangements for the single conference call with an AT&T operator, IF counsel do not have conference call capabilities on their telephone systems, and to initiate the call to the court.

Regarding discovery disputes, no written discovery motions shall be filed without the prior approval of the assigned Magistrate Judge.  A party with a discovery dispute must first confer with the opposing party in a good faith effort to resolve by agreement the issues in dispute.  If that good faith effort is unsuccessful, the moving party shall then seek a prompt hearing with the assigned Magistrate Judge by telephone or in person.  If the hearing is to be conducted by telephone, the Courtroom Deputy Clerk will inform counsel of the date and time of the hearing, and it shall be the responsibility of the moving party to initiate the telephonic conference call to chambers.  The recording of telephonic hearings or conferences with the Court is prohibited, except with prior permission of the Court.  The request for a hearing with a judicial officer carries with it a professional representation by the attorney that a conference has taken place and that s/he has made a good faith effort to resolve the dispute.

The attorneys or unrepresented parties shall supply the assigned Magistrate Judge with the particular discovery materials (i.e., objectionable answers to interrogatories) that are needed to understand the dispute.

//

If the assigned Magistrate Judge decides that motion papers and supporting memoranda are needed to satisfactorily resolve the discovery dispute, such papers shall be filed in conformity with Rule 7.  Such motions shall (1) quote in full each interrogatory, question at deposition, request for admission, or request for production to which the motion is addressed, or otherwise identify specifically and succinctly the discovery to which objection is taken or from which a protective order is sought; and, (2) the response or objection and grounds therefor, if any, as stated by the opposing party.

Unless otherwise ordered by the Court, the complete transcripts or discovery papers need not be filed with the Court pursuant to subsection (c) of this rule unless the motion cannot be fairly decided without reference to the complete original.

All Dispositive Pre-Trial Motions shall be filed on or before August 3, 2012, and are heard on Mondays at 1:30 p.m. in Courtroom No. 2 on the Eighth Floor before the Honorable Anthony W. Ishii, United States District Judge.  In scheduling such motions, counsel shall comply with **Local Rules 230 and 260**.

**Motions for Summary Judgment or Summary Adjudication**

Prior to filing a motion for summary judgment or motion for summary adjudication, the parties are **ORDERED** to meet, in person or by telephone, and confer to discuss the issues to be raised in the motion.

The purpose of the meeting shall be to: (1) avoid filing motions for summary judgment where a question of fact exists; (2) determine whether the respondent agrees that the motion has merit in whole or in part; (3) discuss whether issues can be resolved

without the necessity of briefing; (4) narrow the issues for review by the Court; (5) explore the possibility of settlement before the parties incur the expense of briefing a summary judgment motion; (6) arrive at a joint statement of undisputed facts.

The moving party shall initiate the meeting and provide a draft of the joint statement of undisputed facts.  In addition to the requirements of Local Rule 260, the moving party shall file a joint statement of undisputed facts.

In the notice of motion, the moving party shall certify that the parties have met and conferred as ordered above or set forth a statement of good cause for the failure to meet and confer.

8.   Pre-Trial Conference Date:

September 28, 2012 at 8:30 a.m. in Courtroom No. 2 on the Eighth Floor before the Honorable Anthony W. Ishii, United States District Judge.

Ten (10) days prior to the Pretrial Conference, the parties shall exchange the disclosures required pursuant to F.R.Civ.P. 26(a)(3).

The parties are ordered to file a **JOINT Pretrial Statement pursuant to Local Rule 16-281(a)(2)**.  The parties are further ordered to submit a digital copy of their Joint Pretrial Statement in WordPerfect X3[2] format to Judge Ishii's chambers by e-mail to AWIOrders@caed.uscourts.gov.

Counsels' attention is directed to **Rules 16-281 and 16-282 of the Local Rules** of Practice for the Eastern District of California as to the obligations of counsel in preparing for the

---

[2] If WordPerfect X3 is not available to the parties, then the latest version of WordPerfect, or any other word processing program in general use for IBM compatible personal computers, is acceptable.

Pre-Trial Conference.  **The Court will insist upon strict compliance with those Rules**.

    9.   Trial Date:

November 6, 2012 at 8:30 a.m. in Courtroom No. 2 on the Eighth Floor before the Honorable Anthony W. Ishii, United States District Judge.

       A.   Plaintiff has requested a jury trial.  Defendant contends that some of the relief requested is equitable in nature, and must be decided by the Court.

       B.   Counsels' Estimate of Trial Time:

8-10 days.

       C.   Counsels' attention is directed to **Rule 16-285 of the Local Rules** of Practice for the Eastern District of California.

   10.   Request for Bifurcation, Appointment of Special Master, or other Techniques to Shorten Trial:

Not applicable at this time.

   11.   Related Matters Pending:

On or about June 16, 2007, plaintiff filed its Notice of Related Cases in this action (Doc. 6), wherein it identified the following cases as being possibly related to this action:

> *Porter v. England, Secretary of the Navy*
> 1:03-cv-06291-AWI-SMS
>
> *Porter v. Winters, Secretary of the Navy*
> 1:06-cv-00880-LJO-SMS

   12.   Compliance with Federal Procedure:

The Court requires compliance with the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California.  To aid the Court in the efficient administration of this case, all counsel are expected to

familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California, and to keep abreast of any amendments thereto. The Court must insist upon compliance with these Rules if it is to efficiently handle its increasing caseload. Sanctions will be imposed for failure to follow the Rules as provided in both the Fed.R.Civ.P. and the Local Rules.

13. Compliance with Electronic Filing Requirement:

On January 3, 2005, the United States District Court for the Eastern District of California became an electronic case management/filing district (CM/ECF). Unless excused by the Court, or by Local Rule, attorneys shall file all documents electronically as of January 3, 2005, in all actions pending before the court. While Pro Se Litigants are exempt from this requirement, the court will scan in all documents filed by pro se litigants, and the official court record in all cases will be electronic. Attorneys are required to file electronically in pro se cases. More information regarding the Court's implementation of CM/ECF can be found on the court's web site at www.caed.uscourts.gov, including the Court's Local Rules, the CM/ECF Final Procedures, and the CM/ECF User's Manual.

While the Clerk's Office will not refuse to file a proffered paper document, the Clerk's Office will scan it and, if improperly filed, notify the Court that the document was filed in an improper format. An order to show cause (OSC) may be issued in appropriate cases regarding an attorney's disregard for the requirement to utilize electronic filing, or other violations of these electronic filing procedures. See L.R. 110, L.R. 133(d)(3).

12

1 All counsel must be registered for CM/ECF.  On-line
2 registration is available at www.caed.uscourts.gov.  Once
3 registered, counsel will receive a login and password in
4 approximately one (1) week.  Counsel must be registered to file
5 documents on-line.  See L.R. 135(g).  Counsel are responsible for
6 knowing the rules governing electronic filing in the Eastern
7 District.  Please review the Court's Local Rules available on the
8 Court's web site.

9 14. Effect of this Order:

10 The foregoing Order represents the best estimate of the
11 Court and counsel as to the agenda most suitable to bring this case
12 to resolution.  The trial date reserved is specifically reserved
13 for this case.  If the parties determine at any time that the
14 schedule outlined in this Order cannot be met, counsel are ORDERED
15 to notify the Court *immediately* so that adjustments may be made,
16 either by stipulation or by subsequent status conference.

17 Stipulations extending the deadlines contained herein
18 will not be considered unless accompanied by affidavits or
19 declarations and, where appropriate, attached exhibits which
20 establish good cause for granting the relief requested.

21 Scheduling orders are vital to the Court's case
22 management.  Scheduling orders "are the heart of case management,"
23 *Koplve v. Ford Motor Co.*, 795 F.2d 15, 18 (3rd Cir. 1986), and are
24 intended to alleviate case management problems.  *Johnson v. Mammoth*
25 *Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992).  A "scheduling
26 conference order is not a frivolous piece of paper, idly entered,
27 which can be cavalierly disregarded without peril."  *Johnson*, 975
28 F.2d at 610.

**THEREFORE, FAILURE TO COMPLY WITH THIS ORDER SHALL RESULT IN THE IMPOSITION OF SANCTIONS.**

IT IS SO ORDERED.

**Dated:   November 15, 2011**              /s/ Sandra M. Snyder
                                        UNITED STATES MAGISTRATE JUDGE