LAW OFFICES OF ELAINE W. WALLACE
ATTORNEYS AT LAW
ELAINE W. WALLACE, SBN 78481
2430 Palmetto Street, Suite 2
Oakland, CA 94602-2923
telephone: 510-530-9616
fax 510-482-9285
ATTORNEY FOR PLAINTIFF
RONALD L. PORTER

BENJAMIN B. WAGNER
United States Attorney
J. EARLENE GORDON
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, California 95814
telephone:  916 554-2991
fax 916-554-2900
Attorneys for Defendant

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD L. PORTER, | Case No. 1:07-cv-00825-AWI-SMS |
| Plaintiff, | Stipulation and Protective Order |
| vs. | |
| RAY MABUS, Secretary, Department of the Navy, | Dated: 14 December 2011 |
| Defendant. | |

  The parties stipulate as follows and request the Court enter the appropriate protective order:

  Defendant is ordered to take all necessary steps to ensure employees, agents, contractors, representatives and other persons affiliated with the United States Naval facilities at Point Mugu and China Lake, California, and at HRSC, to refrain from destroying, deleting, or otherwise destroying or altering documents in their possession, that they knew, know, or should know, is relevant to the ongoing

litigation, including but not limited to preservation of all data compilations, computerized data and other electronically-recorded information.

This order does not preclude any party from filing further spoliation or other discovery motions.

Respectfully submitted,

Dated:  14 December 2011

/s/ ELAINE W. WALLACE
Elaine W. Wallace
Attorney for Plaintiff, Ronald L. Porter

Dated:   December 14, 2011        BENJAMIN B. WAGNER
United States Attorney

By:    /s/ J. Earlene Gordon
J. EARLENE GORDON
Assistant U.S. Attorney
Attorney for Defendant

Judge's Additional Language:

Any persons listed in the categories set forth above **who are determined, either through their own testimony or via other means of discovery in this law suit, to have already destroyed documents in their possession and who are determined to have known or should have known of this litigation, are subject to sanctions and/or other forms of contempt orders from the undersigned.**
Note: At this juncture, given the length of litigation between Plaintiff Porter and the U.S. Navy, this Court does not hold Assistant U.S. Attorney Earlene Gordon responsible for any such spoliation absent a clear showing of good cause to do so. In other words, the individuals falling in the categories listed above should have

IT IS SO ORDERED.

**Dated:    December 14, 2011            /s/ Sandra M. Snyder**
UNITED STATES MAGISTRATE JUDGE