Elaine W. Wallace [SBN 78481]
Law Offices of Elaine W. Wallace
2430 Palmetto Street, Suite 2
Oakland, CA 94602
tele: 510-530-9616
fax: 510-482-9285
ESI: e.w.wallace@sbcglobal.net
Attorney for Plaintiff, Ronald L. Porter

BENJAMIN B. WAGNER
United States Attorney
J. EARLENE GORDON
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, California 95814
telephone:  916 554-2991
fax 916-554-2900
Attorneys for Defendant

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD L. PORTER, | Case No. 1:07-cv-00825 AWI SMS |
| Plaintiff, | Stipulation and **Protective Order** |
| v. | |
| RAY MABUS, Secretary, Department of the Navy, | Dated: March 2, 2012 |
| Defendant. | |

The following occurred during the 16 June 2011 discovery motion conference held In-Chambers [Doc. 138].  AUSA Gordon agreed that Navy needed to provide a new privilege log, but could not give Privacy Act protected information without an order, though would not object if the Court signed a Protective Order, which Defendant's counsel would prepare.  [Doc. 150-3 at  7.]

//

/

1

The Magistrate Judge indicated she would sign an order for Navy to redact Social Security Numbers, dates of birth, and health and life insurance information and beneficiaries from remaining discovery response being provided. Porter's counsel agreed.

The parties acknowledge their continuing obligation to comply with Rule 5.2[1] for filings made with the Court.

The parties having stipulated to the entry of a Protective Order under Rules 5.2(e) and 26(c) and it appearing that such an Order is necessary and appropriate to will facilitate discovery:

1. **Documents to be produced by Defendant**, including, but not limited to responses to discovery, electronic data, transcripts or other information, **that contain information protected by the Privacy Act of 1974, 5 U.S.C. § 552a**, shall be covered under this Protective Order. Defendant shall produce these documents to Plaintiff's counsel's office without redaction. Each document so produced will be marked with the letters "PAP" in red. The documents shall be produced to Plaintiff's counsel in hard copy. Such documents shall not be removed from Plaintiff's counsel's office or copied except as necessary for deposition or to present to the Court in the prosecution of this action or appeal. Any court filings of these documents shall be made under seal without redaction, or as otherwise as provided by Rule 5.2(d).

2. **Defendant shall not unredact Social Security Numbers and health and life insurance information and beneficiaries information** from the documents already produced. Documents to be produced shall redact Social Security Numbers and health and life insurance information and beneficiaries information protected by the Privacy Act of 1974, 5 U.S.C. 552a. Documents previously produced containing only the redactions mentioned in this paragraph are not included in this Protective Order. Such documents will not be reproduced to Plaintiff's counsel.

---

[1] All references to a Rule are to the Federal Rules of Civil Procedure.

Should Defendant's responses to discovery that are to be produced to Plaintiff include unredacted the Social Security Numbers or health and life insurance information and beneficiaries information, the unredacted document shall be maintained in the office of Plaintiff's counsel of record, and Plaintiff's counsel shall notify Defendant's counsel if he intends to use the unredacted document in the proceedings.

Plaintiff may redact Social Security Numbers and health and life insurance information and beneficiaries information, all performance ratings, information regarding any EEO activity, discipline, and disability status from unredacted documents and use such redacted documents without restriction in the prosecution of this case.

Within twenty-one (21) days after the final termination of this action, including any appeals, Plaintiff's counsel shall destroy all known original and any copies of unredacted documents produced after this Order is signed by the Magistrate Judge. No documents produced prior to this order are included in this paragraph.

Nothing contained in this Order, nor any action taken in compliance with it, shall operate as an admission or assertion by any witness or person or entity producing documents that any particular document or information is, or is not, admissible into evidence.

Nothing herein constitutes or may be interpreted as a waiver by any party of the attorney-client privilege, the attorney work product privilege, or any other privilege.

Respectfully submitted,

Dated: 2 March 2012

/s/ ELAINE W. WALLACE
Elaine W. Wallace
ATTORNEY FOR PLAINTIFF PORTER

Dated: 2 March 2012

/s/ RONALD L. PORTER
Ronald L. Porter
PLAINTIFF

Dated: March 2, 2012                           BENJAMIN B. WAGNER
                                               United States Attorney

                                       By:     /s/ J. Earlene Gordon
                                               J. EARLENE GORDON
                                               Assistant U.S. Attorney
                                               ATTORNEY FOR DEFENDANT


                                               /s/ David Donald
Dated:   March 2, 2012                         DAVID DONALD
                                               Assistant Counsel, NAWCWD



IT IS SO ORDERED.

**Dated:   March 7, 2012**                     /s/ Sandra M. Snyder
                                               UNITED STATES MAGISTRATE JUDGE