# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **RONALD L. PORTER,** | **CASE NO. 1:07-CV-0825 AWI SMS** |
| **Plaintiff** | **ORDER RE: PLAINTIFF'S MOTION FOR CERTIFICATE OF APPEALABILITY OF ORDERS** |
| **v.** | |
| **RAY MABUS, Secretary, Department of the Navy,** | (Doc. 200) |
| **Defendant** | |

This action was filed in 2007 by Plaintiff Ronald L. Porter ("Plaintiff") against the Navy and the Defendant, Ray Mabus ("Defendant"), for alleged discrimination in violation of the Age Discrimination in Employment Act. Over the years this action has seen numerous discovery disputes. This Order addresses Plaintiff's Motion for Certificate of Appealability of two discovery orders and an order on Plaintiffs motions for reconsideration of the same two discovery orders. For the following reasons, Plaintiff's motion is denied:

I. PROCEDURAL BACKGROUND

To hasten resolution of the parties' continuing discovery disputes, conserve resources, and allow the case to move forward, Magistrate Judge Sandra Snyder held telephonic conferences with the parties in late 2010 and early 2011. Doc. 120, 124, 125, 128. With a thirty-seven page joint statement of remaining discovery disputes, Judge Snyder held an in-chambers conference with the parties on June 16, 2011. Doc. 138. After these conferences the parties had come to several agreements, but the considerable efforts did not end the parties' disputes. Plaintiff filed a declaration detailing Defendant's non-responsiveness to Plaintiff's communication. Doc. 136. He

brought a motion for sanctions for Defendant's failure to comply with the minute order following the in-chambers conference, a motion for sanctions for failure to provide due diligence declarations, and an additional motion to compel discovery and sanctions. Doc. 150, 153, 156. These three motions were taken under submission. Doc. 170.

On March 16, 2012 Judge Snyder issued an order ("March 2012 Order") addressing Plaintiff's three motions, which reopened limited discovery for about four months and directed Defendant to provide declarations affirming its good faith investigation for Plaintiff's Requests for Admissions, Requests for Production of Documents, and Interrogatories. Doc. 175. Plaintiff filed a motion for reconsideration. Doc. 176. Plaintiff then proposed twelve depositions, which Defendant argued were beyond the scope of the March 2012 Order. See Doc. 182, 186. On May 15, 2012, Judge Snyder issued an order ("May 2012 Order") disallowing the proposed depositions to proceed. Doc. 183. Plaintiff filed a second motion for reconsideration. Doc. 186.

Plaintiff's two motions for reconsideration came before this Court and were taken under submission. Doc. 195. On October 29, 2013, this Court issued an order ("October 2013 Order") denying both motions, finding that Judge Snyder's orders were neither erroneous nor contrary to law. Doc. 199. Plaintiff filed the Motion for Certification of Orders for Appeal Pursuant to 28 U.S.C. Sec. 1292(b), now before the Court, seeking certification of appealability for the March 2012 Order, the May 2012 Order, and the October 2013 Order.

II.   LEGAL STANDARD

Section 1292(b) provides a means for litigants to bring an immediate appeal of a non-dispositive order with the consent of both the district court and the court of appeals. 28 U.S.C. § 1292(b); *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982). The district court may certify an order for interlocutory appellate review under Section 1292(b) if all of the following three requirements are met: (1) there is a controlling question of law, (2) there are substantial grounds for difference of opinion, and (3) an immediate appeal may materially advance the ultimate termination of the litigation. *Id*.

The legislative history of 1292(b) indicates that this section was to be used only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and

expensive litigation. *Id.*; (citing *United States Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966) (per curiam)); *Fukuda v. County of Los Angeles*, 630 F. Supp. 228, 229 (C.D. Cal. 1986) ("The party seeking certification has the burden of showing that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.") (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475, 98 S. Ct. 2454 (1978)). Section 1292(b) is a departure from the normal rule that only final judgments are appealable and therefore must be construed narrowly. *Robin James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1068 (9th Cir. 2002). The standard to certify a question of law is high and a district court generally should not permit such an appeal where it would prolong litigation rather than advance its resolution. *Fenters v. Yosemite Chevron*, 761 F. Supp. 2d 957, 1005 (E.D. Cal. 2011).

### III. DISCUSSION

#### A. Whether There Exists a Controlling Question of Law

A question of law is controlling if the resolution of the issue on appeal could "materially affect the outcome of litigation in the district court." *In re Cement*, 673 F.2d at 1027. "The legal question must be stated at a high enough level of abstraction to lift the question out of the details of the evidence of facts of a particular case and give it general relevance to other cases in the same area of law." *Simmons v. Akanno*, 2011 U.S. Dist. LEXIS 46658, *8 (E.D. Cal. Apr. 22, 2011) and e.g., *Pezant v. Gonzalez*, 2012 U.S. Dist. LEXIS 111646, *5 (E.D. Cal. Aug. 8, 2012) (both quoting *McFarlin v. Conseco Servs.*, 381 F.3d 1251, 1259 (11th Cir. 2004)). "The antithesis of a proper §1292(b) appeal is one that turns on whether there is a genuine issue of fact, or whether the district court properly applied settled law to the facts." *Simmons* at *7-8.

Other courts have commented that discovery orders do not generally present controlling questions of law that may materially advance termination of litigation so as to justify interlocutory appeal. See e.g., *Harrisonville Tel. Co. v. Ill. Commerce Comm'n*, 472 F. Supp. 2d 1071, 1079-1080 (S.D. Ill. 2006)(*citing*, e.g, *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 18 n.11, 113 S. Ct. 447, (1992) ("As a general rule, a district court's order enforcing a discovery request is not a 'final order' subject to appellate review.")(other citations omitted); see also Wright & Miller, *Federal Practice and Procedure*: Civil § 2006.

1    It is appropriate to do some preliminary unpacking of Plaintiff's motion to determine
2    which specific question, or questions, of law Plaintiff seeks to certify for appeal. Plaintiff's motion
3    essentially argues that the three relevant orders are erroneous because they were made on incorrect
4    assumptions of facts or incomplete facts (Doc. 200, p. 12, lines 26-27), and that these assertions,
5    being placed in a court order, become "the law of the case" which must be followed in subsequent
6    proceedings in the same matter (Doc. 200, p.11, lines 17-28). Plaintiff identifies some statements
7    in the orders that he considers erroneous, but primarily seems concerned with his ability to procure
8    the desired documents. For example, Plaintiff disagrees with the March 2012 Order in its
9    conclusion that Plaintiff speculates on what documents exist, and repeats his arguments to the
10   contrary. See Doc. 200, pp. 7-8. Plaintiff also asserts that the discovery orders have effectively
11   made rulings on the "missing documents" because the orders did not provide analysis on the
12   validity of Defendant's objections, and did not compel the production of documents. Doc. 200, p.
13   4, lines 9-12; 6, lines 11-28. Plaintiff expresses concern with statements in the factual history
14   sections in the March 2012 Order and the October 2013 Order which he believes draw a causal
15   inference between Plaintiff's psychological condition and Plaintiff's difficulties with his
16   supervisor, which cannot be rebutted because Plaintiff's motion to compel evidence of the
17   psychological condition was denied. Doc. 200, p. 10, line 26 – p.11, line 16.  Aside from these,
18   Plaintiff does not identify a single *legal issue* for which he seeks appeal.  See Doc. 200 and 202.
19   Plaintiff does not suggest that the Court misinterpreted a law or applied the incorrect law. Id.

20   Plaintiff spends the bulk of the memorandum describing what documents he seeks, why he
21   has reason to believe they exist, and why they are relevant to his case. Defendant has asserted and
22   reasserted that the documents do not exist. The Court cannot compel documents that purportedly
23   do not exist. To remedy this situation Judge Snyder ordered Defendant in the March 2012 Order to
24   submit a declaration indicating its diligence in searching for the documents and making the
25   signatory of the discovery responses available for deposition. Doc. 175. The orders sought to
26   delineate what the parties had agreed to in the in-chambers conferences and made no conclusion as
27   to whether those documents would be responsive or relevant to Plaintiff's claim. Plaintiff argues
28   that it would not be fair if Defendant were able to testify at trial about a document without Plaintiff

4

having the opportunity to see the document. Doc. 200, p. 9, line 7-12. Such a scenario would be appropriately dealt with by the evidentiary rules at trial.

We now come to the Court's main discussion, which is that Plaintiff has not raised a controlling question of law appropriate for certification of appealability. The Plaintiff's moving papers reveal that he does not seek certification on a question of law, but on erroneous factual findings which would result in harm to Plaintiff. Plaintiff does not identify a question of law that the Court or the Magistrate Judge has improperly used or interpreted. *Steering Committee v. United States*, 6 F.3d 572, illustrates the difference between a question of law and a dispute regarding the application of case-specific facts to undisputed law. *Steering Comm. v. United States*, 6 F.3d 572, 575 (9th Cir. 1993). The question of which standard of care should have been used by the defendants was found to be pure question of law answerable without delving into the facts of the case, and certified for appeal. *Id.* at 575. Whether the district court applied the correct standard of care is a pure question of law, but whether the district court correctly applied that standard is a question of application of case-specific facts to undisputed law. *Id*.

In *Simmons* and *Pezant*, certification was denied for a screening order denying leave to amend the pleadings because the plaintiff merely disagreed with the application of the law to the facts of the plaintiff's case and "[r]eviewing this issue would require extensive factual review, essentially a re-screening of [the] [p]laintiff's factual allegations [...]which is the antithesis of a proper § 1292(b) appeal." *Simmons* at *9; accord *Pezant* at *5.

In *In re Cement*, the Ninth Circuit declined to consider an interlocutory appeal of a district judge's order of recusal because "review involves nothing as fundamental as the determination of who are the necessary and proper parties, whether a court to which a cause has been transferred as jurisdiction, or whether state or local law should be applied." *In re Cement Antitrust Litig*., 673 F.2d. at 1026-27. The question of whether the judge had erroneously disqualified himself was viewed as collateral to the basic issues of the lawsuit. *Id*. at 1027.

The factual determinations for which Plaintiff seeks certification for interlocutory appeal are not questions of law, and are certainly not fundamental matters such as those mentioned in *In re Cement*. They are not matters that can be resolved without delving into this case's particular

facts. Plaintiff seeks certification for the question of whether or not his assertion that certain documents are in Defendant's possession is speculative. Plaintiff does not seek certification for any question of law; but rather, a disagreement about how the facts of this case were applied to the uncontested rules of discovery. Plaintiff does not present any question as to which laws should be applied to his motions or dispute the courts' interpretation of the law. As in *Simmons* and *Pezant*, Plaintiff's contention is a disagreement with the way the law was applied to the facts of his case. He disagrees with the finding that his argument was speculative. The question of whether the court correctly found that Plaintiff's argument was speculative or not is dependent on the facts presented by Plaintiff. The court has found, based on the facts and based on law not contested by Plaintiff, that Plaintiff's argument was speculative. Review of this finding is not a question of law, but one of fact. As in *Simmons* and *Pezant*, reviewing this issue would essentially require a reassessment of Plaintiff's factual allegations, which is not appropriate for certification.

Furthermore, resolution of the matter on appeal would not materially affect the outcome of litigation in the District Court. Using the abovementioned example, whether or not it is speculative that certain documents exist, while Defendant consistently maintains that they do not, does not materially affect the outcome of this litigation. If the finding were reversed, Defendant would still maintain that they do not have the documents and the litigation would not be affected. Resolution of Plaintiff's other disagreements with the three relevant orders also do not involve any issue so fundamental to the case such as the proper parties, proper jurisdiction, or choice of law, and would not materially affect the outcome of litigation.

Similarly, Plaintiff's concern that the Court made rulings as to the discoverability of the desired documents and Plaintiff's concern that the Court implied that the source of Plaintiff's discord with his supervisor was his psychological condition are not controlling questions of law, but are rather disagreements with the wording of the Court orders.[1] These are not fundamental matters of the case which can be resolved without delving into the facts of the case, and their resolution would not have a material impact on the outcome of the litigation.

To allow Plaintiff's appeal would allow a litigant interlocutory appeal of any court order,

---
[1] The Court did not make these conclusions in the relevant orders.

which is clearly contrary to the adjudication process and the Rules of Civil Procedure, and not in alignment with the legislative intent behind Section 1292(b) to grant certification in exceptional situations to avoid protracted and expensive litigation. There is nothing exceptional about a party being in disagreement with a court order, which is the underlying ground for the instant motion. Plaintiff's disagreements with the three relevant court orders are not controlling questions of law certifiable for appeal.

### B. Whether There Exists a Substantial Ground for Difference of Opinion

To certify an order for interlocutory appellate review under Section 1292(b), all three prongs given in *In re Cement* must be satisfied. 28 U.S.C. § 1292(b); *In re Cement*, *supra*, 673 F.2d at 1026. Although Plaintiff's failure to satisfy the first prong is sufficient to deny the motion, the Court will briefly address the following two prongs.

Courts traditionally will find that a substantial ground for difference of opinion exists where the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented. *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010). A party's strong disagreement with the court's ruling is not sufficient for there to be a substantial ground for difference. That settled law might be applied differently does not establish a substantial ground for difference of opinion. *Id*. Where the party seeking certification has not provided a single case that conflicts with the district court's construction or application of the statute at issue, this weighs in favor of denying the motion. *Id*.

Plaintiff's motion has not provided any case that conflicts with the three relevant orders. Plaintiff indicates strong disagreement with the court's ruling, which, on its own, is expressly insufficient to find a substantial ground for difference. Plaintiff does not point to any dispute in the circuit courts related to his disagreement with the Court orders, nor that his disagreements are novel or difficult questions of first impression. Hence, the Court finds that substantial ground for difference of opinion does not exist.

### C. Whether Appeal is Likely to Materially Advance Ultimate Termination

Courts within the Ninth Circuit have held that resolution of a question materially advances

the termination of litigation if it "facilitate[s] disposition of the action by getting a final decision on a controlling legal issue sooner, rather than later [in order to] save the courts and the litigants unnecessary trouble and expense." See *United States v. Adam Bros. Farming, Inc.*, 369 F.Supp.2d 1180, 1182 (C.D. Cal. 2004). In *Reese v. BP Exploration* the litigation was sufficiently likely to be materially advanced because the resolution of the legal issue could remove one defendant from the lawsuit and remove a set of claims against the other defendants in the lawsuit. *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011).

Resolution of Plaintiff's questions would not materially advance the termination of the litigation. It would not get a final decision on a controlling legal issue, it would not remove a party or claim, nor would it save the courts and litigants trouble or expense. Resolution of Plaintiff's questions would not have an effect on the termination of litigation. Allowing certification would likely delay termination of litigation and result in additional expense because it would require briefing of the parties for the appeal, delaying the trial date until the conclusion of the appeal. Further delays are not desirable to this litigation that has been ongoing in its discovery disputes for several years, and appeal would not likely materially advance ultimate termination of the litigation.

IV. ORDER

Plaintiff's Motion for Certification of Orders for Appeal Pursuant to 28 U.S.C. Sec. 1292(b) is DENIED.

IT IS SO ORDERED.

Dated:   February 19, 2014          _____
                                     SENIOR DISTRICT JUDGE