# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **RONALD L. PORTER,**<br><br>　　　　　**Plaintiff**<br><br>　　v.<br><br>**RAY MABUS, Secretary, Department of the Navy,**<br><br>　　　　　**Defendant** | **CASE NO. 1:07-CV-0825 AWI SMS**<br><br>**ORDER RE: PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE: DEFENDANT'S AFFIRMATIVE DEFENSES**<br><br>(Doc. 190) |

　　　　Plaintiff Ronald L. Porter ("Plaintiff") brought this action against the Navy and the Defendant, Ray Mabus ("Defendant"), for alleged discrimination in violation of the Age Discrimination in Employment Act by Defendant related to Plaintiff's removal from Navy employment in 1999. Plaintiff seeks summary judgment as to five affirmative defenses asserted by Defendant in its Answer to First Amended Complaint. For the following reasons, Plaintiff's motion is granted in part and denied in part:

　　I.　　RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

　　　　Plaintiff began his employment with Defendant in 1974 as a police officer in the Safety and Security Department of the China Lake Naval Air Warfare Center. Plaintiff was first reassigned to a different department in 1993, and again reassigned in 1996 as the result of a reduction in force by Defendant. In November 1999 Plaintiff was laid off as part of a second reduction in force. His request for reconsideration regarding his separation was denied, and he later discovered in 2000 that he had not been properly placed on Defendant's re-employment lists.

Plaintiff's initial complaint filed in December 1999 with the Equal Employment Opportunity Commission ("EEOC") was consolidated with a second complaint filed April 2001. After a four day hearing at which seventeen witnesses testified, the Administrative Judge found in October 2004 that no discrimination occurred with regard to Plaintiff's six claims. The decision was accepted by Defendant, and Plaintiff appealed to the EEOC's Office of Federal Operations ("OFO").

In December 2006, the OFO affirmed the EEOC findings and issued an eleven-page decision, the end of which informed Plaintiff of his rights on appeal: to submit a request to reconsider with the OFO within thirty days of receipt. The December 2006 letter also informed Plaintiff of his right to file an action in the District Court within ninety days of receipt, and, in bolded letters, that if Plaintiff filed both a request to reconsider and a civil action, the filing of a civil action would terminate the administrative processing of his complaint. Plaintiff chose the former option, and his timely request was denied in a letter in March 2007. The denial letter stated, "There is no further right of administrative appeal on the decision of the Commission on this request," and repeated the same language in the December 2006 letter regarding Plaintiff's right to file a civil action within ninety days of receipt of that (March 2007) letter.

Plaintiff brought this action in June 2007. This suit has gone through numerous discovery disputes over these years, with Judge Snyder holding conferences with the parties to try to resolve their issues in an expeditious way. Even so, this case continues in its querulous discovery battles. Plaintiff's instant motion disparages Defendant for not producing any documents responsive to the interrogatories requesting all documents supporting Defendant's affirmative defenses, and consequently moves for summary judgment on those defenses.

II.  LEGAL STANDARD

Summary judgment is appropriate when it is demonstrated that there exists no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S. Ct. 2548 (1986)*; Satterfield v. Simon & Schuster, Inc.,* 569 F.3d 946, 950 (9th Cir 2009).

The party seeking summary judgment bears the initial burden of informing the court of the

basis for its motion and of identifying the portions of the declarations, pleadings, and discovery that demonstrate an absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323; *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007). A fact is material when, under the governing substantive law, it could affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505 (1986); *Freeman v. Arpaio*, 125 F.3d 732, 735 (9th Cir. 1997). A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348 (1986). Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment. *Anderson*, 477 U.S. at 248, *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

In resolving the summary judgment motion, the evidence of the opposing party is to be believed (*Anderson*, 477 U.S. at 255), and all reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party (*Matsushita*, 475 U.S. at 587).

III. DISCUSSION

The parties' discovery matters are not before the court at this time, and facts and allegations related to any failure to comply with discovery procedures are not dispositive towards the resolution of summary judgment on Defendant's affirmative defenses. The Court will consider the evidence before it in the following analysis.

    A. <u>First Affirmative Defense – Plaintiff's Complaint Fails to State a Claim for Which Relief Can Be Granted</u>

Because Defendant has withdrawn this affirmative defense, as the time to bring a Rule 12(b)(6) motion has passed, the Court will not discuss its merits, and Plaintiff's motion for summary judgment as to Defendant's first affirmative defense will be granted. This ruling does not prejudice any other dispositive motions.

\\\

1 | B. <u>Second Affirmative Defense – Statute of Limitations</u>

Title VII sets filing deadlines that an employee must meet if he wishes to bring suit in federal court after exhausting his claims administratively. *See* 42 U.S.C. § 2000e-16(c). These deadlines operate as statutes of limitation. *See Nelmida v. Shelly Eurocars, Inc.*, 112 F.3d 380, 383 (9th Cir. 1997). An employee may file a Title VII action within ninety days of receipt of the final action if no appeal has been filed or within ninety days of receipt of the EEOC's final decision on an appeal. 29 C.F.R. 1614.407(a) and (c). The employee may appeal the EEOC decision to the EEOC's OFO (29 C.F.R. §§ 1614.401(a), 1614.405), and the OFO ruling is final *unless a timely request for reconsideration is filed by a party to the case* (29 C.F.R. § 1614.405(c) (emphasis added)). A timely filed request for reconsideration of an EEOC decision appears to render that decision non-final and toll the ninety-day requirement for filing a civil action in federal district court until the EEOC has rendered its decision on the request for reconsideration, which then becomes the final EEOC decision. *Williams v. Brown*, 1997 U.S. Dist. LEXIS 4586, *11 (N.D. Cal. 1997).

Defendant sets forth that Plaintiff's claims are barred by the statute of limitations because this action was brought on June 7, 2007, more than ninety days following the decision letter issued on December 4, 2006. But because a timely request for reconsideration was filed and a succeeding order was issued, Plaintiff was not required to file the civil action within ninety days of the final action dated December 4, 2006. The CFR states that the ruling is final unless a timely request for reconsideration is filed. 29 C.F.R. § 1614.405(c). The December 4, 2006 letter also indicates that Plaintiff may file a request for reconsideration *or* a civil action, but that filing a civil action would terminate the administrative processing. Doc. 1, Exh. 2, p.10. After receiving the December 4, 2006 letter, Plaintiff exercised the right given in the letter to request reconsideration on appeal within thirty days of receiving the letter. Doc. 1, Exh. 1, p.1. The request for reconsideration to the OFO was timely and hence, according to *Williams*, *supra*, rendered the EEOC's December 4, 2006 decision non-final and tolled the ninety-day requirement to file a civil action until the OFO rendered the decision on the request for reconsideration. In pursuing to exhaustion his administrative remedies, Plaintiff requested reconsideration on appeal prior to

filing a civil action. On March 9, 2007 the OFO issued the denial letter indicating that there was no further right of administrative appeal, and informed Plaintiff of his right to file a civil action within ninety days of that letter. Doc. 1, Exh. 1, p. 1. The March 9, 2007 letter became the final EEOC decision, and the ninety-day statute of limitations period began from receipt of that letter.

Plaintiff filed this action on June 7, 2007 –within ninety days of receipt of the denial letter dated March 9, 2007. See Doc. 1. Defendant's position that Plaintiff must have necessarily filed the civil action within ninety days of the December 4, 2006 letter is contrary to the applicable law.

In considering the facts in a light most favorable to the Defendant, no reasonable jury could find that Plaintiff did not file this action within the statute of limitations of ninety days from the receipt of the OFO's final decision. Thus, Plaintiff's motion for summary judgment as to Defendant's second affirmative defense will be granted.

C. Third Affirmative Defense – Failure to Exhaust Administrative Remedies

Title VII requires a federal employee to exhaust administrative remedies before filing a discrimination case in federal district court. 42 U.S.C. § 2000e-16(c); 29 C.F.R. §1614.105 et seq; *B.K.B. v. Maui Police Dept.*, 276 F.3d 1091, 1099 (9th Cir. 2002); *Vinieratos v. U.S. Dep't of Air Force*, 939 F.2d 762, 768 (9th Cir. 1991). But, exhaustion of administrative remedies before bringing a Title VII claim is not a jurisdictional requirement. *Hoover v. Shinseki*, 2012 U.S. Dist. LEXIS 47412, *6 (D. Ariz., April 4, 2012). To clarify this point, the term "jurisdictional" properly applies only to prescriptions delineating the classes of cases (subject-matter jurisdiction) and the persons (personal jurisdiction) implicating that authority. *Reed Elsevier, Inc. v. Muchnick*, 130 S. Ct. 1237, 1243 (2010). The Supreme Court in *Reed Elsevier* stated:
> While perhaps clear in theory, the distinction between jurisdictional conditions and claim-processing rules can be confusing in practice. Courts--including this Court--have sometimes mischaracterized claim-processing rules or elements of a cause of action as jurisdictional limitations, particularly when that characterization was not central to the case, and thus did not require close analysis. [citations omitted]. Our recent cases evince a marked desire to curtail such "drive-by jurisdictional rulings," [...] which too easily can miss the "critical difference[s]" between true jurisdictional conditions and nonjurisdictional limitations on causes of action. *Id*. at 1243-44 (internal citations omitted).

While not interpreted as a jurisdictional requirement, failure to exhaust administrative remedies is a defense, which may bar the claim. *Hoover*, at *6.

The exhaustion requirement serves to narrow the issues for adjudication. *B.K.B*. 276 F.3d

5

at 1099.  The scope of the plaintiff's court action depends on the scope of the EEOC charge and investigation. *Sommatino v. United States*, 255 F.3d 704, 708 (9th Cir. 2001); *EEOC v. Farmer Bros. Co.*, 31 F.3d 891, 899 (9th Cir. 1994). EEOC charges must be construed with utmost liberality since they are made by those unschooled in the technicalities of formal pleading. *Sosa v. Hiraoka*, 920 F.2d 1451, 1458 (9th Cir. 1990). Therefore, "any charges of discrimination that are 'like or reasonably related to' the allegations made before the EEOC, as well as charges that are within the scope of an EEOC investigation that reasonably could be expected to grow out of the allegations" may be considered exhausted. *Leong v. Potter*, 347 F.3d 1117, 1122 (9th Cir. 2003). The EEOC's failure to address a claim asserted by the plaintiff in her charge has no bearing on whether the plaintiff has exhausted her administrative remedies with regard to that claim. *Yamaguchi v. United States Dep't of the Air Force*, 109 F.3d 1475, 1480 (9th Cir. 1997).

In *Leong v. Potter*, the Ninth Circuit found that the plaintiff had not satisfied the exhaustion requirement because his disability claim "differ[ed] substantially" from the claims presented to the EEOC, such that the disability claim was not investigated by the EEOC, and such an investigation could not have been reasonably expected to grow out of the Plaintiff's charges. *Leong,* 347 F.3d at 1122. Further, the EEOC could not have suspected that the plaintiff was disabled, and the employing agency was not given adequate notice of the disability claim. *Id*. In *Yamaguchi v. U.S. Dep't of the Air Force*, the Ninth Circuit found that the plaintiff's charge satisfied the requirement, although unclear and incomplete, because the allegations that a person harassed her by " 'denigrating my job performance and my complaints'" "presumably go to her sex discrimination claim." *Yamaguchi*, 109 F.3d at 1480. Although the EEOC did not investigate the claim, such investigation could reasonably have been expected to grow out of her EEOC charge, and its failure to investigate did not preclude the court from hearing the matter. *Id*.

Plaintiff's First Amended Complaint ("FAC") alleges discriminatory and retaliatory actions against him. Doc. 95, ¶¶ 14, 15. The earliest incident recorded is July 31, 1999. It further alleges a continuing hostile working environment with discrete incidents dating back to 1991 and 1993. Doc. 95, ¶¶ 16-18. A review of the administrative review process shows that all of these claims, when construing the EEOC charges liberally, have been exhausted at the administrative

level. The Administrative Judge's decision dated September 28, 2004 encompassed the topics of Age Discrimination, Retaliation, and Hostile Work Environment. Doc. 1, Exh. 4. The same decision was reviewed by the OFO in the December 4, 2006 decision, which was then reviewed by the OFO in the March 9, 2007 decision. Any claims not addressed by the EEOC have no bearing on whether Plaintiff has exhausted his administrative remedies with regard to those claims.

With regard to the discrimination and retaliation claims, the pleadings demonstrate that these claims in the operative complaint have gone through every step of the administrative process. The Administrative Judge identifies the same issues surrounding Plaintiff's claims as the FAC: that Plaintiff was given a positive performance rating but was separated from employment with Defendant a few months later, his reconsideration was denied, he found that he was not properly registered on Defendant's re-employment lists, and that he was not offered another position with Defendant. Doc. 1, Exh. 4, p. 2; Doc. 95, ¶¶ 14, 15. The Administrative Judge further identified allegations that are also present in Plaintiff's FAC, such as college students being hired for positions instead of Plaintiff. Plaintiff's claims in this matter regarding discrimination and retaliation have been investigated by the EEOC and they are on notice of the claims. Additional charges of discrimination made in Plaintiff's FAC are very closely related to the allegations made before the EEOC, and, taking into account the liberal reading of the EEOC filings, are considered exhausted.

With regard to the allegations dating from 1991 and 1993 related to Plaintiff's hostile work environment claim, the pleadings demonstrate that these claims have also been exhausted in the administrative process. The EEOC letters do not directly address specific allegations from 1991 through 1993, but clearly references Plaintiff's record of EEOC complaints including those in 1991, 1992, and 1994, and also directly addresses Plaintiff's hostile work environment claim and that its basis is on harassment for his prior EEO activity. Doc. 1, Exh. 4, p. 22; and Doc .1, Exh. 2, p. 3 (identifying comments referring to Plaintiff as one "prone to filing frivolous EEO's" and a "little sea lawyer"). Also in the EEOC process, Plaintiff case for reprisal or retaliation was based on evidence that he had filed various prior complaints and that a low performance rating occurred

in sufficiently close time. Doc. 1, Exh. 2, p. 3. The FAC identifies the same claim for hostile work environment based on protected EEO activity but with a focus on the hostile work environment cultivated by his immediate supervisor, rather than other persons, in 1989-1993 and eventually until his ultimate separation. Doc 95. ¶¶ 17-18. The EEOC decisions address Plaintiff's hostile work environment and his retaliation claims in the FAC, which are based on very similar sets of facts –that Plaintiff was denied promotions, etcetera, due to his EEO activity. The additional facts are substantially similar to those in the EEOC proceedings, are reasonably expected to grow out of the EEOC claims, and are sufficient for Defendant to be on notice of the claim. The EEOC did in fact investigate the hostile work environment claim and the allegations supporting the retaliation claim. Hence, the hostile work environment claims are also considered exhausted.

There consequently remains no issue of fact as to whether Plaintiff has exhausted his administrative remedies; thus, Plaintiff's motion for summary judgment as to Defendant's third affirmative defense will be granted.

D. <u>Fourth Affirmative Defense – Claims Not Raised in Initial Complaint Barred</u>

As discussed in section III.B. of this Order, Plaintiff's original Complaint is not barred by the statute of limitations. Claims in the FAC not in the original Complaint will not be time-barred if they relate back to the original Complaint, are part of a continuing hostile work environment claim, or are subject to tolling the statute of limitations.

For new claims raised in an amended complaint to relate back to an original complaint, they must arise "out of the conduct, transaction or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). Claims arise out of the same conduct, transaction, or occurrence if they share a common core of operative facts, such that the plaintiff will rely on the same evidence to prove each claim. *Williams v. Boeing Co.*, 517 F.3d 1120, 1133 (9th Cir. 2008).

Also, a hostile work environment claim will not be time barred "so long as all acts which constitute the claim are part of the same unlawful employment practice and at least one act falls within the time period." *Joki v. Rogue Cmty. College*, 2012 U.S. Dist. LEXIS 54363 (D. Or., Apr. 18, 2012); quoting *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 102, 122, 122 S. Ct.

2061, (2002). Additionally, the ninety-day period within which to file a civil action after dismissal of the charge by the EEOC is a statute of limitations subject to the doctrine of equitable tolling. *Scholar v. Pacific Bell*, 963 F.2d 264, 267 (9th Cir. 1992). Equitable tolling, however, has been applied sparingly. *Id*. at 268.

A review of the original Complaint and the First Amended Complaint does not reveal any new causes of action in the FAC that were not present in the original Complaint, but the FAC does contain facts and other language not present in the original Complaint. The original Complaint alleges reprisal, age discrimination, and hostile work environment arising out of the same retaliatory or discriminatory acts. Doc. 1, ¶¶ 7-9. The FAC also alleges reprisal, age discrimination, and hostile work environment, also arising out of the same. Doc. 95, ¶ 13. The FAC opens with a procedural history of the case, and gives more specific and additional details to support the three claims; primarily, the hostile work environment claim. See Doc. 95, ¶¶ 7-9, 14, 15, 17, 18. The allegations in paragraphs 17 and 18 of the FAC, such as various incidents from as early as 1989, are not specifically present in the original Complaint, and are in addition to the same allegations dating back to 1995. See Doc. 95, ¶¶ 17, 18.

The original Complaint states that the hostile work environment was based on "his prior protected activities" including his separation, low performance ratings, and "discrete issues." Doc. 95, ¶ 9(f). The FAC expands this claim to include his entire EEOC history with Defendant. Paragraph seventeen of the FAC describes related cases that allege a continuing hostile work environment arising out of the relationship between Plaintiff and his immediate supervisor in 1993. Doc. 95, ¶ 17. Plaintiff alleges that this was due to the EEOC activity alleged in paragraph eighteen of the FAC. Doc. 95, ¶ 18. The EEOC activity added in paragraphs seventeen and eighteen of the FAC could be considered a part of "his prior protected activities" identified in the original Complaint and could be an explanation of "discrete issues." They may relate back to the original Complaint if they arise out of the same set of operative facts. They may also be part of an unlawful employment practice comprising the totality of the hostile work environment claim. However, the additional allegations are also somewhat remote in time, reaching back to the early 1990s, and each allegation may be found by a fact-finder to be separate and independent of the

others and of a larger employment practice. Whether the new allegations could be considered to be included in the same set of operative facts or an unlawful employment practice is a matter for the fact-finder. To construe the facts in a light most favorable to Defendant, a reasonable jury could find that the additional issues are not part of the same set of operative facts and are not part of an unlawful employment practice. Summary judgment is therefore not proper. Hence, Plaintiff's motion for summary judgment as to Defendant's fourth affirmative defense will be denied.

E. Fifth Affirmative Defense – Laches

Laches is defined as "neglect or delay in bringing suit to remedy an alleged wrong, which taken together with lapse of time and other circumstances, causes prejudice to the adverse party and operates as an equitable bar." *A.C. Aukerman v. R.L. Chaides Constr. Co.*, 960 F.2d 1020, 1028-29 (Fed. Cir. 1992). The equitable doctrine of laches is designed to promote justice by preventing surprises through the revival of claims that have been "allowed to slumber" until evidence has been lost, memories have faded, and witnesses have disappeared. *Brown v. State Pers. Bd.,* 166 Cal. App. 3d 1151, 1161 (1985) (internal quotations omitted).

An employer defending a Title VII suit may raise a laches defense, if he shows that (1) there was inexcusable delay in the assertion of a known right and (2) the party asserting laches has been prejudiced. *O'Donnell v. Vencor Inc.*, 466 F.3d 1104, 1112 (9th Cir. 2006); *Brown v. Continental Can Co.*, 765 F.2d 810, 814 (9th Cir. 1985). In assessing delay, a court must consider the reasons for or causes of the delay. *Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 954 (9th Cir. 2001).

*1. Inexcusable Delay*

As previously discussed, Plaintiff sought review through the appropriate administrative body soon after his termination in 1999 and continued to pursue appeals through 2007. The Ninth Circuit has recognized that EEOC delays are not to be charged against private plaintiffs. *E.E.O.C. v. Kovacevich "5" Farms*, 2006 U.S. Dist. LEXIS 99457, *26 (citing *Bratton v. Bethlehem Steel Corp.*, 649 F.2d 658, 667 n.8 (9th Cir. 1980), and *Gifford v. Atchison, T. & S. F. R. Co.*, 685 F.2d 1149, 1152 (9th Cir. 1982) (Ordinarily, if the EEOC retains control over a charge, a private party will not be charged with its mistakes.). By statute, Plaintiff was unable to bring this action until

the exhaustion of administrative remedies. The facts do not reveal neglect or delay on Plaintiff's part, and Defendant does not demonstrate Plaintiff's lack of diligence. Plaintiff has exercised his rights to pursue administrative remedies according to the statutory time limitations, which are relatively short in comparison to the time for administrative review. The facts show, rather, that Plaintiff did exercise diligence in bringing every claim for remedy available to him throughout the administrative process beginning soon after his dismissal, and that the EEOC retained control over his charges.

Plaintiff filed his initial EEO complaint in this matter shortly after his termination with Defendant in 1999. The decision from the EEOC Administrative Judge was not issued until September 28, 2004. Doc. 1, Exh. 4, p. 23. After a timely appeal, the decision from the OFO was not issued until December 4, 2006. The delay of the administrative process required before bringing an action appears to be beyond the Plaintiff's control. The Court finds no inexcusable delay on Plaintiff's part.

### 2. *Prejudice to Defendant*

In addition, the delay must be the cause of a defendant's prejudice. *Danjaq LLC v. Sony Corp.*, 263 F.3d at 954. Prejudice may be evidentiary-based (i.e. lost or degraded evidence) or expectations-based (i.e. the defendant took actions or suffered consequences that it would not have had the plaintiff brought the suit promptly). *Id.*

Defendant's assertion that the delay has caused witnesses to be unavailable and memories to fade is one of evidentiary prejudice. However, Defendant has been on notice of these claims since 1999, upon Plaintiff's first EEOC filing. An investigation was conducted in accord with the EEOC, giving Defendant opportunity to take proper records of the relevant witnesses and their testimony. Defendant does not identify any particular witness that has retired or relocated, and the possibility of faded memories and missing witnesses is too speculative for the defense to be upheld.

No reasonable jury could then find that the delay in filing suit was unreasonable or inexcusable, nor that Defendant, being on notice throughout the administrative proceedings, was prejudiced. Hence, Plaintiff's motion for summary judgment as to Defendant's fifth affirmative

defense will be granted.

IV. ORDER

Plaintiff's motion for summary judgment as to Defendant's first affirmative defense is GRANTED.

Plaintiff's motion for summary judgment as to Defendant's second, third, and fifth affirmative defense are GRANTED.

Plaintiff's motion for summary judgment as to Defendant's fourth affirmative defense is DENIED.

IT IS SO ORDERED.

Dated: February 27, 2014

_____
SENIOR DISTRICT JUDGE