**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RONALD L. PORTER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>RAY MABUS, Secretary, Department of the Navy,<br><br>　　　　Defendant. | CASE NO. 1:07-CV-0825 AWI SMS<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR PARTIALSUMMARY JUDGMENT<br><br>(Doc. 206) |

Plaintiff Ronald L. Porter ("Plaintiff") brought this action against the Navy and the Defendant, Ray Mabus ("Defendant"), for alleged discrimination in violation of Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act by Defendant related to Plaintiff's removal from Navy employment in 1999. Plaintiff seeks partial summary judgment on his Title VII discrimination and retaliation claims based on Defendant's denial of repromotion priority benefits between two reductions in force.[1]

I.     SUMMARY

Plaintiff alleges that he was a Navy employee from 1988 until 1999. Doc. 95 (First Amended Complaint), 2:10-11. In 1993, he was employed at Defendant's China Lake facility. Doc. 211 (Defendant's opposition), 3:25-26. On July 31, 1996, Plaintiff was demoted through a reduction in force. Doc. 211, 4:3-5. Plaintiff was placed on Defendant's "Repromotion Priority List" at least on March 10, 1998. Doc. 206-1 (Plaintiff's motion), 3:11-13. Defendant's Repromotion Priority

---

[1] The Court notes the Scheduling Conference Order entered November 16, 2011 (Doc. 146, 9:20-10:11), which requires the parties to meet and confer prior to filing a motion for summary judgment. This is the moving party's burden to satisfy. The parties do not dispute that this requirement was not met prior to filing this motion. This failure is sufficient for the Court to refuse to hear the matter and deny the motion. However, in order to assist in moving this case forward, the Court will issue a ruling on this motion, and remind the parties of the meet and confer provision, which remains in effect, for subsequent motions.

Program gave Plaintiff first consideration for vacancies for which he was qualified. Doc. 211, 4:6-8. On November 19, 1999, Plaintiff was terminated from his employment as a result of a second reduction in force by Defendant. Doc. 211. Prior to his termination, Plaintiff had not been selected for any other position. Doc. 211, 4:13-14.

In this motion for partial summary judgment Plaintiff argues that Defendant discriminated and/or retaliated against him when Defendant improperly denied Plaintiff repromotion priority benefits between the 1996 and 1999 reductions in force. Doc. 206-1, 1:6-9. Plaintiff believes that he was qualified for promotions during that time period but did not receive them. See Doc. 206-1, 5:4-6:12. However, Plaintiff does not provide any evidence to support his allegations of discrimination based on age or retaliation in violation of Title VII.

II.     LEGAL STANDARDS

Summary judgment is appropriate when it is demonstrated that there exists no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Satterfield v. Simon & Schuster, Inc., 569 F.3d 946, 950 (9th Cir. 2009). A fact is material when, under the governing substantive law, it could affect the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Freeman v. Arpaio, 125 F.3d 732, 735 (9th Cir. 1997). A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248. If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The nonmoving party "must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists." Bhan v. NME Hosps., Inc., 929 F.2d 1404, 1409 (9th Cir. 1991). In resolving the summary judgment motion, the evidence of the opposing party is to be believed (Anderson, 477 U.S. at 255), and all reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party (Matsushita, 475 U.S. at 587).

In the context of a motion for summary judgment in a Title VII action, federal courts apply the burden-shifting analysis set forth in McDonnell Douglas Corp. v. Green. McDonnell Douglas

Corp. v. Green, 411 U.S. 792, 802-05 (1973); and e.g., Davis v. Team Elec. Co., 520 F.3d 1080, 1089 (9th Cir. 2008); Dawson v. Entek Intern, 630 F.3d 928, 934-35 (9th Cir. 2011). First, the employee carries the burden to establish a prima facie case of discrimination. McDonnell Douglas, 411 U.S. at 802. If he so does, the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for the challenged action. Id. If met, the employee must show that the reason is pretextual "either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." Davis v. Team Elec. Co., 520 F.3d at 1089 (citations omitted); McDonnell Douglas, 411 U.S. at 804-05.

The ultimate question in an employment discrimination case is "one that can only be resolved through a searching inquiry--one that is most appropriately conducted by a factfinder, upon a full record." Chuang v. Univ. of Cal. Davis, 225 F.3d 1115, 1124 (9th Cir. 2000)(internal quotations omitted). The Ninth Circuit has emphasized the importance of "zealously guarding an employee's right to a full trial, since discrimination claims are frequently difficult to prove without a full airing of the evidence and an opportunity to evaluate the credibility of the witnesses." McGinest v. GTE Serv. Corp., 360 F.3d 1103, 1112 (9th Cir. 2004).

III. DISCRIMINATION

Plaintiff's first amended complaint alleges discrimination based on age. Doc. 95, 2:20-21. The first step of the McDonnell Douglas analysis is to determine whether Plaintiff has established a prima facie case of discrimination. To establish a Title VII violation for discrimination an employee must show that: (1) he belongs to a protected class; (2) he was qualified for his position; (3) he was subject to an adverse employment action; and (4) similarly situated individuals outside his protected class were treated more favorably. McDonnell Douglas Corp., 411 U.S. at 802; Davis v. Team Elec. Co., 520 F.3d 1080, 1089 (9th Cir. 2008).

Although Plaintiff has not presented any evidence that he belonged to a protected class, Defendant does not dispute this for the purposes of this motion. Doc. 211, 11:26-27. It is also undisputed that Plaintiff was qualified for his position and that he was not promoted between the two reductions, thereby meeting the second and third elements of the prima facie case for Title VII

discrimination. However, Plaintiff has not presented any evidence that similarly situated individuals outside of his protected class were treated more favorably. Plaintiff does not provide any evidence that would support his contention that discrimination based on his age was the cause of the failure to be promoted between the 1996 and 1999 reductions. The operative complaint and Plaintiff's moving papers and supporting documents do not even identify Plaintiff's age, and they do not identify any similarly situated individuals, nor the ages of any individuals such that they would be outside of Plaintiff's Title VII protected class. It is a necessary part of a prima facie case for discrimination under Title VII to establish that similarly situated individuals outside of Plaintiff's protected class were treated more favorably.

In Plaintiff's briefs, Plaintiff does not identify any individual outside of his protected class that were treated more favorably than Plaintiff. See Docs. 206, 213. Hence, Plaintiff fails to meet his initial burden to establish the prima facie case for discrimination. Plaintiff's motion for summary judgment on this claim is denied.

## IV. RETALIATION

Title VII retaliation claims also use the McDonnell Douglas burden-shifting analysis. To establish a prima facie case of employment discrimination based on retaliation, the employee must show (1) that he engaged in a protected activity; (2) he was subsequently subjected to an adverse employment action; and (3) that a causal link exists between the two. Dawson v. Entek Int'l, 630 F.3d 928, 936 (9th Cir. 2011); Davis v. Team Elec. Co., 520 F.3d 1080, 1093-94 (9th Cir. 2008).

*(1) Protected activity*

The antiretaliation provision of Title VII prohibits discrimination against an employee because he or she opposed any unlawful practice or "made a charge, testified, assisted, or participated in" a Title VII action. 47 U.S.C. § 2000e-3(a).

Plaintiff has brought "several administrative EEO claims against Navy" beginning in 1990 and 1991. Doc. 95, 1:16-20. Bringing charges and participating in a Title VII action are protected activities under Title VII.

*(2) Adverse employment action*

The antiretaliation provision exists to prevent employer interference to the Title VII

4

remedies. Burlington Northern & Santa Fe Ry. v. White, 548 U.S. 53, 63, 64 (2006). Therefore, the provision only covers employer actions that "would have been materially adverse to a reasonable employee or job applicant." Id. at 57. In contrast with the definition of an adverse action in the discrimination context, which must affect the employee's terms and conditions of employment, an adverse employment action in the retaliation context "must be harmful to the point that they could well dissuade a reasonable worker from making or supporting a charge of discrimination." Id.; Ray v. Henderson, 217 F.3d 1234, 1243 (9th Cir. 2000). This includes actions causing him harm outside the workplace. Burlington Northern, 548 U.S. at 63.

However, Title VII does not set forth a "general civility code for the American workplace" and the "decision to report discriminatory behavior cannot immunize an employee from petty slights or minor annoyances that all employees experience." Burlington Northern, 548 U.S. at 68; Oncale v. Sundowner Offshore Services, Inc., 523 U.S. 75, 81 (1998). Materiality of the challenged action is judged from the perspective of a reasonable person in the plaintiff's position considering all the circumstances. Burlington Northern, 548 U.S. at 71. An action that would be trivial in one employment context may be materially adverse in another. Id. at 69.

Here, the alleged adverse employment action is failure to be promoted to jobs for which he was qualified between the 1996 and 1999 reductions. Plaintiff points to a few specific positions at the level he held prior to demotion which he did not receive, including Plaintiff's prior position from which he was demoted. Doc. 206-1, 5:5-8. Failure to be promoted, after being demoted, to jobs for which Plaintiff was qualified could be found by a reasonable factfinder in Plaintiff's circumstances to be materially adverse such that he would be dissuaded from making or supporting a charge of discrimination.[2]

*(3) Causal link between the protected activity and the adverse employment action*

Until recently, the causal link element of a retaliation case was construed very broadly so as to require a plaintiff to prove only that the protected activity was a motivating factor of the adverse action at the prima facie stage. Poland v. Chertoff, 494 F.3d 1174, 1180 n.2 (9th Cir. 2007); Head v.

---

[2] In fact, Plaintiff does not appear to have been dissuaded from pursuing his discrimination charges, as evidenced by his continuous pursuit of his discrimination charges during the 1996-1999 time period.

5

1 Glacier Northwest, Inc., 413 F.3d 1053, 1065 (9th Cir. 2005). However, in 2013, the Supreme Court held that Title VII retaliation claims "must be proved according to the traditional principles of but-for causation." University of Texas Southwestern Medical Ctr. v. Nassar, 133 S. Ct. 2517, 2533 (2013). This means that a plaintiff must show that the unlawful retaliation would not have occurred in the absence of the employee's protected activity.

Causation may be inferred from circumstantial evidence, including the proximity in time between the employer's knowledge that the plaintiff engaged in protected activity and the allegedly retaliatory employment decision. Cornwell v. Electra Cent. Credit Union, 439 F.3d. 1018, 1035; Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1065 (9th Cir. 2002). "But timing alone will not show causation in all cases; rather, in order to support an inference of retaliatory motive, the [adverse employment action] must have occurred fairly soon after the employee's protected expression." Villiarimo at 1065 (internal quotations omitted); see also Clark Cnty. Sch. Dist. v. Breeden, 532 U.S. 268, 273 (2001).

Plaintiff has not provided the Court with any evidence supporting the allegation that Plaintiff's filing administrative complaints was causally related to the failure to be promoted between the 1996 and 1999 reductions, let alone the but-for cause. Plaintiff states that he began EEOC proceedings in 1990, which continue to the present. Doc. 95, 1:16-20. Plaintiff's pursuit of these claims appears to have been continuous. See Porter v. Winter, 2010 U.S. Dist. LEXIS 21834, *2-17 (E.D. Cal. Feb. 21, 2010)(detailing the history of Plaintiff's proceedings before the EEOC and the district court). Plaintiff argues: "we have the temporal proximity in time between the date of [Defendant's] knowledge [of the protected activities] and the failure to provide the repromotion priority because between 1996 and 1999 Porter was still engaged in protected activities." Doc. 206-1, 20:20-22.

However, by these facts, retaliatory motive cannot be inferred by proximity in time. The protected activities began in 1990 and the alleged adverse employment action at issue in this motion occurred between 1996 and 1999. Even a lapse of six or eight months between knowledge of the protected activity and the adverse employment action is too much distance to permit an inference of causation based on timing. See Govan v. Sec. Nat'l Fin. Corp., 502 Fed. Appx. 671, 674 (9th Cir.

2012); Woods v. Washington, 475 Fed. Appx. 111, 113 (9th Cir. 2012). The fact that Plaintiff continuously pursued his claims through 1996 and 1999 does not establish causation based on temporal proximity. Plaintiff's *post hoc* argument would infer retaliatory motive as to any adverse employment action occurring during the pendency of an EEOC claim. Such inference is a fallacy. Any EEOC claim or action brought in the district court will take some time to resolve, and the Title VII antiretaliation provision does not serve to insulate an employee from any workplace grievance during the pendency of an EEOC claim, which often continue for several years. It must be demonstrated that the alleged retaliatory action was *caused* by the employee's protected activities, not merely that both actions occurred. An inference of causation based on temporal proximity is only permitted when the alleged retaliatory action occurred close in time to the employer's knowledge of the protected activity. Causation is an essential element of the prima facie case of retaliation under Title VII, and is the Plaintiff's burden to establish. In this case, Defendant had knowledge of Plaintiff's protected activity several years before the alleged adverse employment action at issue here: the failure to be promoted between the 1996 and 1999 reductions. No reasonable jury could find an inference of causation based on temporal proximity alone.

Plaintiff has not offered any other circumstantial evidence to establish but-for causation. It is Plaintiff's burden to establish every element of the prima facie case, and Plaintiff has failed to demonstrate the required causal link between the protected activity and the adverse employment action. Plaintiff's motion for summary judgment on this claim is denied.

V.   ORDER

For the foregoing reasons, Plaintiff's motion for partial summary judgment is DENIED.

Plaintiff is directed to contact the chambers of Magistrate Judge Sandra M. Snyder to set a new scheduling conference.

IT IS SO ORDERED.

Dated:   September 9, 2014                              _____
                                                                                    SENIOR DISTRICT JUDGE