# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **RONALD L. PORTER,** | CASE NO. 1:07-CV-00825-AWI-SMS |
| Plaintiff | ORDER RE: PLAINTIFF'S MOTION FOR RECONSIDERATION |
| v. | |
| **RAY MABUS, Secretary, Department of the Navy,** | (Doc. 217) |
| Defendant | |

## I. History

For over twenty years, Roland Porter ("Plaintiff"), a former Navy employee has litigated various discrimination and retaliation claims against the Department of the Navy, represented by Secretary Ray Mabus ("Defendant" or "Navy"). His claims have resulted in several suits before the federal courts and the U.S. Equal Employment Opportunity Commission, Office of Federal Operations ("EEOC").

Defendant initially employed Plaintiff as a police officer in the Safety and Security Department of the China Lake Naval Air Warfare Center beginning in 1974. In 1989, Plaintiff was reassigned to a position as a Plant Account Tech; however he experienced difficulties with his supervisor in that position. Based these interactions, Plaintiff filed several formal administrative complaints with the EEOC (Department of Navy Nos. 90-60530-002, 91-60530-003, 93-60530-015, 93-60530-021). These EEOC suits gave rise to suits in the Eastern District of California, namely Civ. Case Nos. 96-5933, 03-6291, and 06-0880. These EEOC and federal suits have all been fully adjudicated. Their subject matter is not part of this case. Separately, Plaintiff filed an administrative complaint with the EEOC alleging retaliation for Plaintiff's use of official time to

attend a management union meeting (Department of Navy No. 95-60530-016). This lead to Eastern District of California Civ. Case No. 01-6302. These suits have been fully adjudicated and their subject matter is not part of this case.

Relevant to the controversy at hand, in January 1993, Plaintiff changed positions and became a Computer Assistant DG-3; in August 1994, he was promoted to Computer Assistant DG-4. In August 1996, Defendant instituted a Reduction in Force ("RIF"). As a consequence, Plaintiff was demoted to Computer Assistant DG-3. A second RIF took place in November 1999. Unfortunately, the second RIF caused Plaintiff to be separated from Navy employment. Responding to the second RIF, Plaintiff filed two administrative complaints with the EEOC which alleged age discrimination and retaliation based on a number of actions over 1996-1999 (Department of Navy Nos. 00-60530-003 and 01-60530-011). The Navy issued a final decision finding no discrimination/retaliation. A hearing was held before an Administrative Law Judge, who found no discrimination. On appeal, the EEOC upheld the finding of no discrimination. Porter v. Winter, 2006 EEOPUB LEXIS 6662 (E.E.O.C. Dec. 4, 2006). Plaintiff sought reconsideration which was denied. Porter v. Winter, 2007 WL 788254 (E.E.O.C. March 9, 2007). Plaintiff then filed the present suit in federal court. Plaintiff also filed Civ. Case No 00-5906, in which he challenged his dismissal under the Administrative Procedure Act. That suit was dismissed for lack of subject matter jurisdiction.

The operative complaint is the First Amended Complaint. Doc. 95. Plaintiff has filed a motion for reconsideration of an earlier order denying Plaintiff's motion for partial summary adjudication. Doc. 217. Defendant has not filed an opposition. The matter was taken under submission without oral argument. Doc. 221.

**II. Legal Standard**

"Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. There may also be other, highly unusual, circumstances warranting reconsideration." School Dist. No. 1J Multnomah County v. ACandS, Inc., 5 F.3d

1255, 1263 (9th Cir. 1993), citations omitted.

### III. Discussion

In the underlying motion, Plaintiff sought a partial summary judgment finding that Defendant "discriminated and/or reprised against Porter when Navy improperly denied Porter Repromotion Priority benefits between the 31 July 1996 and the 11 November 1999 Reduction in Force." Doc. 206-1, 1:6-9. As part of the first RIF, Plaintiff was demoted but was supposed to be put onto a Repromotion Priority List which encouraged promotion by guaranteeing consideration. Specifically, Plaintiff pointed out that on September 12, 1997, he applied to be promoted to an open position; he was denied the promotion on October 6, 1997. Doc. 217-1, 4:13-5:13; Doc. 206-16. The court denied Plaintiff's motion on the basis that (1) discrimination was not shown as there was insufficient evidence of similarly situated individuals being treated more favorably and (2) retaliation was not shown as there was insufficient evidence of a causal link between protected activity and the failure to promote. Doc. 216.

Plaintiff now seeks reconsideration of the retaliation claim, arguing "The Order misapplies fact and law by stating: 'Plaintiff has not offered any other circumstantial evidence [than "temporal proximity"] to establish but for causation.'" Doc. 217-1, 1:20-21. Plaintiff argues that Defendant should have kept records concerning the 1997 denial of promotion and that Defendant's failure to produce these records is evidence of retaliatory intent. See Doc. 217-1, 14:7-16. Missing records are not automatically sufficient to affirmatively establish discriminatory/retaliatory intent. See Bridgeport Guardians, Inc. v. Delmonte, 2010 U.S. Dist. LEXIS 137532, *9 (D. Conn. Dec. 29, 2010) (judgment granted to defendant employer on an employment discrimination claim despite fact that the plaintiff's "25-year personnel records are also 'mysteriously missing,' and the Department's clerk acknowledges that no other personnel file has been lost in his seven-and-a-half years as Department clerk").

Further, Plaintiff has not established that Defendant was required to keep records concerning the 1997 denial of promotion until the present time. The regulations Plaintiff points to require records be kept for one or two years. See 29 C.F.R. § 1602.14 (1997) ("Any personnel or

employment record made or kept by an employer (including but not necessarily limited to requests for reasonable accommodation, application forms submitted by applicants and other records having to do with hiring, promotion, demotion, transfer, lay-off or termination, rates of pay or other terms of compensation, and selection for training or apprenticeship) shall be preserved by the employer for a period of one year from the date of the making of the record or the personnel action involved, whichever occurs later....Where a charge of discrimination has been filed, or an action brought by the Commission or the Attorney General, against an employer under title VII or the ADA, the respondent employer shall preserve all personnel records relevant to the charge or action until final disposition of the charge or the action'"); 5 C.F.R. § 335.103(b)(5) (1997) ("Administration of the promotion system will include recordkeeping and the provision of necessary information to employees and the public, ensuring that individuals rights to privacy are protected. Each agency must maintain a temporary record of each promotion sufficient to allow reconstruction of the promotion action, including documentation on how candidates were rated and ranked. These records may be destroyed after 2 years or after the program has been formally evaluated by OPM (whichever comes first) if the time limit for grievance has lapsed before the anniversary date"). Plaintiff has not provided any specific, pinpoint citation to law or regulation that requires these records to be kept for a longer period of time.

In crucial part, Plaintiff did not directly file an administrative complaint with the EEOC regarding the denial of promotion. This issue was not raised until the Plaintiff's 2000 EEOC filing. As Plaintiff himself describes the situation, "On 25 March 2000, Plaintiff notified Defendant that he had filed the first EEO administrative complaint underlying this court case, stating: 'I am notifying the agency with this letter, that I am going to be requesting information through the discovery process in the future, on the Reduction in Force taken in 1999 and the Reduction in Force taken in 1996 and any other information that may be related to this case.' For that reason, Defendant was on notice to retain all relevant documents." Doc. 217-1, 8:10-16. It does not appear that Defendant was required to keep the relevant records through 2000. Significantly, the earliest record produced by Defendant showing Plaintiff on the Repromotion Priority List comes from March 10, 1998, which is roughly two years prior to Plaintiff's March

25, 2000 letter.

Plaintiff also raises Civ. Case No. 96-5933 as another reason why these records should have been preserved at the time. See Doc. 217-1, 10:18-11:4. However, that case concerned the EEOC case Department of Navy 91-60530-003 which had to do with events that occurred in 1990. The court also notes that Plaintiff sought review from the Merit Systems Protection Board regarding the 1996 demotion. Kohfield v. Dep't of the Navy, 75 M.S.P.R. 1, 8 (M.S.P.B. May 9, 1997) (consolidated appeal of Ronal Porter and Beverly Kohfield). As there was no corresponding EEOC complaint, there does not appear to be any reason for Defendant to retain records about a 1997 denial of promotion.

## IV. Order

Plaintiff's motion for reconsideration is DENIED.

IT IS SO ORDERED.

Dated:   September 28, 2015

SENIOR DISTRICT JUDGE