# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **RONALD L. PORTER,** | **CASE NO. 1:07-CV-0825 AWI SMS** |
| **Plaintiff** | **ORDER RE: PLAINTIFF'S MOTION FOR RECONSIDERATION** |
| **v.** | |
| **RAY MABUS, Secretary, Department of the Navy,** | **(Doc. 217)** |
| **Defendant** | |

## I. History

For over twenty years, Roland Porter ("Plaintiff"), a former Navy employee has litigated various discrimination and retaliation claims against the Department of the Navy, represented by Secretary Ray Mabus ("Defendant" or "Navy"). His claims have resulted in several suits before the federal courts and the U.S. Equal Employment Opportunity Commission, Office of Federal Operations ("EEOC").

Defendant initially employed Plaintiff as a police officer in the Safety and Security Department of the China Lake Naval Air Warfare Center beginning in 1974. In 1989, Plaintiff was reassigned to a position as a Plant Account Tech; however he experienced difficulties with his supervisor in that position. Based these interactions, Plaintiff filed several formal administrative complaints with the EEOC (Department of Navy Nos. 90-60530-002, 91-60530-003, 93-60530-015, 93-60530-021). These EEOC suits gave rise to suits in the Eastern District of California, namely Civ. Case Nos. 96-5933, 03-6291, and 06-0880. These EEOC and federal suits have all been fully adjudicated. Their subject matter is not part of this case. Separately, Plaintiff filed an administrative complaint with the EEOC alleging retaliation for Plaintiff's use of official time to

1 attend a management union meeting (Department of Navy No. 95-60530-016). This lead to
2 Eastern District of California Civ. Case No. 01-6302. These suits have been fully adjudicated and
3 their subject matter is not part of this case.

Relevant to the controversy at hand, in January 1993, Plaintiff changed positions and became a Computer Assistant DG-3; in August 1994, he was promoted to Computer Assistant DG-4. In August 1996, Defendant instituted a Reduction in Force ("RIF"). As a consequence, Plaintiff was demoted to Computer Assistant DG-3. A second RIF took place in November 1999. Unfortunately, the second RIF caused Plaintiff to be separated from Navy employment. Responding to the second RIF, Plaintiff filed two administrative complaints with the EEOC which alleged age discrimination and retaliation based on a number of actions over 1996-1999 (Department of Navy Nos. 00-60530-003 and 01-60530-011). The Navy issued a final decision finding no discrimination/retaliation. A hearing was held before an Administrative Law Judge, who found no discrimination. On appeal, the EEOC upheld the finding of no discrimination. Porter v. Winter, 2006 EEOPUB LEXIS 6662 (E.E.O.C. Dec. 4, 2006). Plaintiff sought reconsideration which was denied. Porter v. Winter, 2007 WL 788254 (E.E.O.C. March 9, 2007). Plaintiff then filed the present suit in federal court. Plaintiff also filed Civ. Case No 00-5906, in which he challenged his dismissal under the Administrative Procedure Act. That suit was dismissed for lack of subject matter jurisdiction.

The operative complaint is the First Amended Complaint. Doc. 95. Plaintiff has filed a document entitled "Objections to Findings of Fact in Order Re: Plaintiff's Motion for Reconsideration (Doc. 223)." Doc. 224. While the document is ambiguous, it appears to be best described as a second request for reconsideration.

## II. Legal Standard

"Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. There may also be other, highly unusual, circumstances warranting reconsideration." School Dist. No. 1J Multnomah County v. ACandS, Inc., 5 F.3d

1255, 1263 (9th Cir. 1993), citations omitted.

## III. Discussion

Plaintiff objects to the denial of summary judgment and reconsideration, arguing "because [Plaintiff] was downgraded under the 1996 RIF, Defendant was mandated by the Repromotion Priority List process to give Plaintiff prior consideration for all vacancies of positions for which he was qualified that would restore him to his prior grade. Besides detailing the Repromotion Priority List process, Plaintiff's motion pointed to examples of vacancies he qualified for under the Repromotion Priority List process but was not selected. Once Plaintiff identified those positions at summary judgment, the burden shifted to Defendant to come forth with evidence that Defendant followed the Repromotion Priority List." Doc. 224, 1:19-27. Plaintiff further explains "The burden of proof thereby shifted to Defendant to provide evidence of a non-discriminatory reason for rejecting Plaintiff, i.e., evidence that it followed the Repromotion Priority List process with regard to Plaintiff." Doc. 224, 7:15-18.

However, this argument appears to muddle the nature of the legal dispute. This is a case based on age based employment discrimination and retaliation causes of action. Violations of hiring, promotion, or other human resource rules are relevant to the extent that they are evidence of discrimination or retaliation; they are not actionable in and of themselves. As stated in the underlying summary judgment order, there is an insufficient basis for determining that any noncompliance with the Repromotion Priority List process was caused by discriminatory or retaliatory intent. Regarding age discrimination, Plaintiff has not shown that the persons hired by Defendant in the identified positions were younger than Plaintiff himself. Regarding retaliation, there is insufficient evidence based on the timing of events to definitively establish a retaliatory motive. As stated in the prior reconsideration motion, missing records are similarly insufficient to definitively establish discriminatory or retaliatory intent. The evidence presented by Plaintiff is not enough for an affirmative grant of summary judgment in his favor. These are issues that must be determined by the fact finder at trial.

## IV. Order

Plaintiff's motion for reconsideration is DENIED.

IT IS SO ORDERED.

Dated:   March 18, 2016                    _____
                                                           SENIOR DISTRICT JUDGE