# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **RONALD L. PORTER,** | **CASE NO. 1:07-CV-0825 AWI SMS** |
| **Plaintiff** | **ORDER RE: PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AGREEMENT** |
| v. | |
| **RICHARD V. SPENCER, Secretary, Department of the Navy,** | **(Doc. 243)** |
| **Defendant** | |

## I. History

For over twenty years, Roland Porter ("Plaintiff"), a former Navy employee has litigated various discrimination and retaliation claims against the Department of the Navy, represented by Secretary Ray Mabus ("Defendant" or "Navy"). His claims have resulted in several suits before the federal courts and the U.S. Equal Employment Opportunity Commission, Office of Federal Operations ("EEOC"). The present suit involves a Reduction In Force that took place in 1999. Unfortunately, this action caused Plaintiff to be separated from Navy employment. Plaintiff filed two administrative complaints with the EEOC which alleged age discrimination and retaliation. These complaints were processed and ultimately resulted in this case.

The parties were able to reach a settlement last year. They stipulated to a settlement agreement and filed it with the court. Doc. 239. Then, they filed a stipulation of dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii). Doc. 241. The case was then closed. Doc. 242. A few months later, Plaintiff filed a motion to enforce the settlement agreement. Doc. 243. Defendant opposed the motion, arguing this court did not have subject matter jurisdiction. Doc. 245.

## II. Discussion

Plaintiff had dismissed his claims and this case was closed. "When a district court issues a final decision, it disassociates itself from a case and its jurisdiction over that case comes to an end, except for certain collateral matters especially reserved by precedent or by the Federal Rules." Hendrickson v. United States, 791 F.3d 354, 360 (2nd Cir. 2015), citing Swint v. Chambers Cnty. Comm'n, 514 U.S. 35, 42 (1995). "Federal courts have no inherent power to enforce settlement agreements entered into by parties litigating before them. Rather, courts have ancillary jurisdiction to enforce a settlement agreement only if the parties' obligation to comply with the terms of the settlement agreement has been made part of the order of dismissal—either by separate provision (such as a provision retaining jurisdiction over the settlement agreement) or by incorporating the terms of the settlement agreement in the order. In the event the settlement agreement is breached, the court would have ancillary jurisdiction that arises from breach of the court's dismissal order." K.C. v. Torlakson, 762 F.3d 963, 967 (9th Cir. 2014), citations omitted.

The parties stipulated to dismissal of the case with prejudice pursuant to Rule 41(a)(1)(A)(ii). Doc. 241. That provision states "...the plaintiff may dismiss an action without a court order by filing:...a stipulation of dismissal signed by all parties who have appeared." Fed. Rule Civ. Proc. 41(a)(1)(A)(ii). A dismissal under that provision is self-executing and automatically ends a case. See, e.g. Keith Mfg., Co. v. Butterfield, 256 F. Supp. 3d 1123, 1128 (D. Or. 2017); Lee v. Pass, 2013 U.S. Dist. LEXIS 104539, *11 (E.D. Cal. July 24, 2013). In recognition of that dismissal, the Magistrate Judge directed the Clerk of the Court to close the case. Doc. 242.

In a U.S. Supreme Court opinion dealing with a dismissal under Rule 41(a)(1)(ii) (which is an equivalent, prior version of the current 41(a)(1)(A)(ii)), the court found "the only order here was that the suit be dismissed, a disposition that is in no way flouted or imperiled by the alleged breach of the settlement agreement. The situation would be quite different if the parties' obligation to comply with the terms of the settlement agreement had been made part of the order of dismissal -- either by separate provision (such as a provision 'retaining jurisdiction' over the

2

settlement agreement) or by incorporating the terms of the settlement agreement in the order. In that event, a breach of the agreement would be a violation of the order, and ancillary jurisdiction to enforce the agreement would therefore exist." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 380-81 (1994). To preserve jurisdiction, the dismissal order must "expressly reserve jurisdiction or incorporate the terms of the settlement agreement." Ortolf v. Silver Bar Mines, 111 F.3d 85, 87 (9th Cir. 1997) (no jurisdiction where the dismissal order included reservation of a right for plaintiff to reinstitute the lawsuit if the settlement agreement was not performed). The reservation must be explicit, can not be implied, and is interpreted narrowly. See O'Connor v. Colvin, 70 F.3d 530, 532 (9th Cir. 1995) (no jurisdiction where the dismissal order included the language: "Based on the Settlement Agreement amongst the parties, this Stipulation for dismissal among the parties, and for good cause..."); E-Z Load Gate, Inc. v. Am. Moto Prods., 2009 U.S. Dist. LEXIS 92887, *15 (M.D. Fla. Oct. 5, 2009) ("the Amended Consent Judgment expressly incorporates some of the terms of the settlement agreement, effectively retaining the Court's jurisdiction to enforce those terms. The Amended Consent Judgment does not, however, expressly incorporate all of the terms of the settlement agreement, nor does it contain a provision retaining jurisdiction to enforce the agreement by reference. Accordingly, the Court does not have jurisdiction to enforce those terms of the settlement agreement that were not expressly incorporated into the Consent Judgment").

   The stipulation of dismissal in this case does not contain any provision retaining jurisdiction or incorporating the terms of the settlement agreement; it only states in relevant part that the parties "stipulate that this entire action, and any and all remaining claims for relief shall be, and hereby are, dismissed with prejudice. The parties shall bear their own fees, costs, and expenses." See Doc. 241. One provision contained in the settlement agreement itself, but not in the stipulation of dismissal, states "Notwithstanding the entry of a dismissal herein, the parties agree that the District Court shall retain jurisdiction over this matter for the purposes of resolving any dispute alleging a breach of this SETTLEMENT AGREEMENT." Doc. 239, 12:21-23. Such a reservation of jurisdiction in the settlement agreement is not effective. See Xiong Man Situ v. Wong, 2015 U.S. Dist. LEXIS 10575, *6 (N.D. Cal. Jan. 29, 2015) ("The settlement agreement in

3

this case contains a provision that, '[i]n the event of a default, or any other dispute arising out of this Settlement Agreement, the parties agree that Magistrate Judge Nandor Vadas shall retain jurisdiction.' Such an agreement by the parties, however, is insufficient to confer jurisdiction on this court"); Picard v. Cohmad Sec. Corp., 443 B.R. 291, 294 (Bankr. S.D.N.Y. 2011) ("Although the Settlement contains an exclusive jurisdiction clause, the Stipulation [of dismissal], by its plain terms, neither states that this Court retains jurisdiction over any aspect of the Settlement nor incorporates any of the Settlement's terms"); Tormented Souls, Inc. v. Tormented Souls Motorcycle Club Inc., 2012 U.S. Dist. LEXIS 54043, *11 (E.D.N.Y. Feb. 7, 2012) ("where, as here, the settlement agreement contains a specific provision whereby the court retains jurisdiction over the settlement agreement and the dismissal order incorporates the terms of the agreement, the court has subject matter jurisdiction to enforce the parties' settlement agreement"); but see Swage v. Inn Phila., 1997 U.S. Dist. LEXIS 15325, *3 (E.D. Pa. Sep. 29, 1997) (in dicta, stated "If a settlement agreement contains a provision maintaining jurisdiction in a specific court, or if the court's dismissal order incorporates the terms of the settlement agreement, this court would have jurisdiction to entertain this action"). Because the settlement agreement was not incorporated into the dismissal of the case, it is only a contract between the parties and does not generate jurisdiction. See O'Connor v. Colvin, 70 F.3d 530, 532 (9th Cir. 1995) ("Nor do the facts that the settlement agreement was filed with the court and that the court supervised the settlement negotiations create jurisdiction"). The general, default rule is that "parties cannot by stipulation or waiver grant or deny federal subject matter jurisdiction." Janakes v. United States Postal Serv., 768 F.2d 1091, 1095 (9th Cir. 1985).

In reply, Plaintiff makes a new request: "Pursuant to [Federal Rule of Civil Procedure] 60(b)(6), the Court should provide equitable relief from the dismissal with prejudice by including that the court retained jurisdiction for enforcement purposes only." Doc. 246, 4:14-16. However, the rule does not provide for assumption of jurisdiction for the purpose of enforcing a settlement agreement. "Under Rule 60(b)(6), the district court was permitted to relieve Local 162 'from a final judgment, order, or proceeding for...any...reason justifying relief from the operation of the judgment.' Generally, only 'extraordinary circumstances' justify relief under the rule.

Repudiation of a settlement agreement that terminated litigation pending before a court constitutes an extraordinary circumstance, and it justifies vacating the court's prior dismissal order." Keeling v. Sheet Metal Workers Int'l Ass'n, Local Union, 937 F.2d 408, 410 (9th Cir. 1991), citing Fed. Rule Civ. Proc. 60(b)(6) and United States v. Sparks, 685 F.2d 1128, 1129 (9th Cir. 1982). Plaintiff does not appear to be arguing that the settlement agreement has been repudiated.

Where there is no ancillary jurisdiction created by a reservation in the order dismissing an action, the parties may find a separate, independent basis for subject matter jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 382 (1994). As one potential basis, when the United States is a defendant in a case, "The district courts shall have original jurisdiction, concurrent with the United States Claims Court, of:...Any other civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort..." 28 U.S.C.S. § 1346(a)(2). For claims exceeding $10,000, "The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). It is not clear how much Plaintiff is seeking from Defendant. Plaintiff seeks recompense for pay between June 27, 2017 and September 1, 2017. Doc. 243-1, 7:3-4. The settlement agreement specifies that his annual salary in 2017 would be $67,363. Doc. 239, 3:5-7. Two months salary would be more than $10,000. Plaintiff has the burden of establishing that the amount is $10,000 or less. See Tallacus v. Sebelius, 521 F. App'x 631, 631 (9th Cir. 2013). Thus, based on the present posture, this court lacks subject matter jurisdiction under 28 U.S.C.S. § 1346.

**III. Order**

Plaintiff's motion for to enforce the settlement agreement is DENIED for lack of subject matter jurisdiction.

IT IS SO ORDERED.

Dated:   August 13, 2018                    _____
                                            SENIOR DISTRICT JUDGE